[In Bank. — August 6, 1883.]

WEAVERVILLE & MINERSVILLE WAGON ROAD COMPANY, APPELLANT, *v.* BOARD OF SUPERVISORS OF TRINITY COUNTY, RESPONDENT.

MANDAMUS — CORPORATION — SUPERVISORS — TOLLS — TITLE. — The ownership of a wagon road in the possession of a corporation cannot be inquired into by a board of supervisors on an application to fix rates of toll, or in a proceeding by mandamus to compel the board to fix rates.

ID. — FRANCHISE. — The right of a corporation to exercise its franchise cannot be determined in such proceedings.

APPEAL from a judgment of the Superior Court of Trinity County refusing a mandamus, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. J. Tinnin,* and *C. E. Williams,* for Appellant.

It was the plain duty of the board to fix the rates of toll. (Civ. Code, § 514.)

The right to exercise a franchise cannot be attacked collaterally. (*People* v. *Pfister,* 57 Cal. 532; Civ. Code, § 358;

Boone on Corp. § 21, notes 5, 6; *Dannebroge G. Q. M. Co.* v. *Allment,* 26 Cal. 286; *Stockton Gravel Road Co.* v. *Stockton & C. R. R. Co.* 45 Cal. 680; *Rondell* v. *Fay,* 32 Cal. 361; Boone on Corp. §§ 201, 203, and notes; *Spring V. W. Co.* v. *San Francisco,* 22 Cal. 434; *O. & V. R. R. Co.* v. *Plumas Co.* 37 Cal. 354; *Mok. Hill M. Co.* v. *Woodbury,* 14 Cal 424; *Pacific Bank* v. *De Ro,* 37 Cal. 538; *Union W. Co.* v. *Murphy's F. F. Co.* 22 Cal. 620.)

*Grove L. Johnson,* for Respondent.

SHARPSTEIN, J. — The plaintiff applied to the Superior Court of Trinity County for a writ to compel the respondent to fix the rates of tolls to be taken on the Weaverville and Minersville Wagon Road, which the plaintiff claims to own.

The defendant filed an answer in which it denied that the plaintiff was the party beneficially interested in the proceedings for obtaining a writ, denied that W. S. Lowden, who made the affidavit, upon which the application for the writ was based, had any right or authority to make said affidavit on behalf of the plaintiff, and alleged that the plaintiff had no interest in said road, and that said Lowden instituted said proceedings for the exclusive benefit of himself and one Eligh. It also denied that the plaintiff was a corporation, that it owned said road, that it had a right to collect tolls, that it was the duty of the respondent to fix the rates of tolls, and that the plaintiff ever requested the respondent to fix the rates of tolls, and finally alleges that said road is, and since the date of its construction in and about the year 1862 has been, an open public highway, over which the public has the right of passage free and without the payment of tolls therefor.

The findings are contradictory. It is found "that plaintiff is not a corporation duly, or otherwise organized under the laws of California, and is not the party beneficially interested in this action"; and then it is found: "That the Weaverville and Minersville Wagon Road Company was incorporated in 1863, for the purpose of constructing a wagon road between the points specified in the affidavit upon which this action is based. That said company never constructed a wagon road between said

points or elsewhere, but that said company repaired and operated a wagon road which had already been built, and collected tolls thereon until about the year 1867."

There is a finding, "that the plaintiff is not the owner of the wagon road described in the affidavit upon which this action is based," and another, "that from the date of the organization of said company in 1863, to the bringing of this action, the said wagon road has been kept in repair by the company and those claiming through said company, without cost to the county of Trinity or any road district in said county, and that the right of said company, and those claiming under it, to collect tolls on said road has never been disputed until a short time prior to the commencement of this action." It is also found, "That plaintiff did not, on the first day of August, 1881, or at any time, demand of said board of supervisors, to fix the rates of toll which plaintiff should be allowed to take, but that demand was made upon said board in behalf of W. S. Lowden and James Eligh, and such demand was made in the name of the plaintiff; that said board of supervisors did, on the third day of August thereafter refuse, and still refuses to fix the rate of tolls to be taken on said road either for this plaintiff, or for any other person or corporation."

The finding last above quoted is contrary to the evidence which shows that the demand was made by officers of the plaintiff and on its behalf, and there is no evidence tending to prove that it was made otherwise.

It appears by the findings that the plaintiff was incorporated in 1863, and that it in some way obtained the possession of the wagon road which it was incorporated to construct and operate; and that it has ever since retained the possession of it. Such possession was *prima facie* evidence of ownership. Whether based upon paramount title or not was a question which could not be inquired into, except in an action or proceeding in which some person who claimed a better title was a party; and then it could not be tried by a board of supervisors, nor in a proceeding to determine whether a mandate should issue to compel the performance by said board of a duty imposed upon it by law. The question of title can be inquired into and determined in a proper proceeding, but clearly not in this. And it is equally

clear that the board of supervisors could not inquire into nor determine the right of the appellant herein to exercise the franchise which it has been exercising, without having its right to do so questioned for nearly twenty years. This right can be inquired into and determined in a proper action or proceeding, but not collaterally. (Civ. Code, § 358.)

We are satisfied that upon the findings, as well as the evidence, the appellant was entitled to the writ prayed.

Judgment and order reversed.

THORNTON, J., McKEE, J., and McKINSTRY, J., concurred.

MYRICK, J., dissented.