## PEOPLE v. LOWDEN.

### No. 11,002; September 28, 1885.

8 Pac. 66.

**Quo Warranto—Usurpation of Franchise—Answer.—**In quo warranto proceedings for usurpation of a corporation franchise, if the verified complaint alleges facts showing the illegality of the pretended corporation, such facts must be specifically denied by the answer, and a denial of the legal conclusions drawn from the facts merely, is not sufficient.

**Corporation—Pleading—Legal Conclusions.—**An allegation in a pleading that a corporation was duly, regularly, and legally formed, and that it has continued to act as such, is a mere averment of a legal conclusion and raises no issue.

**Quo Warranto—Usurpation of Franchise—Burden of Proof.—** In a proceeding for usurpation of franchise of a corporation, the burden of proof is on the defendants to show that the corporation was legally formed, and that its existence is legal, and in such proceeding the answer should set forth the facts showing the same.

**Quo Warranto—Prior Proceedings a Bar.—**Proceedings brought by the attorney general to determine the rights of defendants to exercise a franchise as a corporation are not barred by a prior application for a writ of mandate to compel a board of supervisors to fix rates of toll to be taken on a road claimed by the alleged corporation.

**Quo Warranto—Maintenance by Attorney General.—Estoppel.—** The fact that the person on whose relation the proceeding of quo warranto, for usurpation of a corporate franchise, was instituted was at one time acting as an officer of the alleged corporation, will not operate as an estoppel against the maintenance of the action by the attorney general.[1]

APPEAL from Superior Court, County of Trinity.

W. J. Tinnin for appellants; J. W. Phillbrook, Jackson Hatch and E. C. Marshall, attorney general, for respondent.

BELCHER, C. C.—This is an action in the nature of quo warranto, brought in the name of the people by the attorney general, on the information of one Fordyce Bates. to obtain a judgment that the defendants were usurping, intruding into, and unlawfully holding a certain franchise to collect tolls under a pretended wagon-road corporation. The defendants demurred to the complaint, on the ground that Fordyce Bates was one of the original organizers and owners of the wagon-road company, and was estopped from making the complaint and from denying the legitimate existence of the corporation he helped to make. The demurrer was overruled, and the defendants then answered. When the case came on for trial the plaintiff moved the court for judgment on the

---

[1] Cited and approved in People v. Stanford, 77 Cal. 368, 2 L. R. A. 92, 19 Pac. 696, but distinguished from a case in which persons attempting to form a corporation are made joint parties with the thing attempted to be formed, alleged to be no corporation by reason of illegality, as defendants.

Cited and approved in People v. Bass, 15 Cal. App. 66, 113 Pac. 697, which was an election contest in which it was sought by the defense to commit the plaintiff by a certain pre-election "consent" by the actual contestant, on the principle of estoppel.

pleadings, and the motion was granted. The appeal is from the judgment so entered.

The complaint set forth at length the steps taken to form the supposed corporation, and the various requirements necessary to be observed in forming such corporations under the statutes which authorized their formation, and then alleged that there was a failure to comply with the requirements of such statutes:

"That all the proceedings hereinbefore set out and referred to touching the formation, organization, and establishment of said pretended corporation were wholly fictitious and in bad faith; that nine persons did not sign said declaration of intention to organize such pretended corporation, but that a majority of the names signed thereto were signed by the persons referred to in allegation number two herein, without the knowledge or consent of such persons whose names were so signed. Said declaration of intention was never published in any newspaper at all, nor was it ever posted at all. No survey of a route was ever made by Nelson Hosmer, or anybody else, for or on behalf of said pretended corporation. No capital stock whatever was ever subscribed by anybody at all to said pretended corporation; nor was any money at all ever paid into said pretended corporation by anybody at all; nor was any number or valuation of shares of capital stock ever fixed by said pretended corporation; nor was any preliminary organization of said pretended corporation ever made or had; nor was any certificate ever filed as required by said acts; nor was any copy of the original declaration of intention, or a certificate of the election of officers and of the corporate name, filed in the county recorder's office of said county."

The complaint further alleged: "That if said pretended corporation ever did have any legal or proper standing, it became and was fully and wholly dissolved in the year 1873, upon the expiration of ten years; that defendants have, for a year last past, been using and exercising all the privileges and rights and the franchise of a corporation duly formed, organized, and established under the provisions of said acts of the legislature, and duly extended in its duration under section 401 of the Civil Code of this state, under and by virtue of said

pretended corporation, and have seized and taken possession of a public highway, duly and regularly established, . . . . and are collecting tolls from travelers passing over said road, and claim to be the successors in interest of those who took the steps and proceedings hereinbefore set out and referred to; that under said pretended corporation, the franchise of a corporation legally formed, organized, and established under said acts, and extended under said section of the Civil Code, is now, and for a year last past has been, usurped, intruded into, and unlawfully held, and exercised by the defendants.''

The defendants in their answer deny that the corporation named ''is an illegal corporation; deny that they have at any time usurped, intruded into, or illegally held any franchise or corporation; deny that they have at any time seized or taken possession of any public highway; deny that they have collected tolls on any public highway; deny each and every allegation of the plaintiff's complaint as to the irregularity or illegality of the organization of the corporation called . . . . ; deny each and every allegation of the plaintiff's complaint as to the illegal existence of'' the corporation named, ''as a corporation, since the year 1873, or that it illegally existed at any time since the year 1863.'' They then allege that the company ''is now a corporation duly, regularly, and legally organized under the laws of the state of California, and has for and during the twenty years last past, and over, continually been such corporation in good faith, and acting as such corporation, by owning, controlling, keeping in repair and collecting tolls on its wagon road, . . . . that said corporation was duly organized in the year 1863, under the laws of the state of California, and continued under said organization until the month of June, 1877, when the owners of said corporation, its franchise and property, under and by the laws of the state of California, as they, the said laws, were in June, 1877, continued and extended the existence of the said corporation for the period of fifty years.'' They then allege that ''they, and each of them, are part owners and officers of the said corporation, and that all acts done by them in the premises are done in obeyance of and by direction of the officers of said corporation.''

It is clear that the denials found in the answer raise no issues. The first four are denials of averments in the complaint which are mere conclusions of law from the facts stated: Pomeroy on Remedies, secs. 637, 638. The last two are general denials. The answer was verified as required by the code (Code Civ. Proc., sec. 446), and in a verified answer general denials are inadmissible and may properly be stricken out: People v. Hagar, 52 Cal. 182.

The affirmative averments state conclusions of law and not facts. It is alleged simply that the corporation was duly, regularly, and legally formed, and that it has continued to act as such in good faith for more than twenty years, and that in 1877 the owners of its franchise and property, under the laws of the state, continued and extended its existence for fifty years. This is not enough. In a proceeding like this the burden is on the defendants to show that the corporation was legally formed and that its existence has been legally extended, and to that end they must set forth in their answer the facts showing such formation and extension: High, Extr. Rem., sec. 712.

The defendants pleaded in bar of the action a judgment rendered by the superior court of Trinity county, in a case wherein the corporation in question was plaintiff and the board of supervisors of that county was defendant. But that was an application for a writ of mandate to compel the board of supervisors to fix the rates of tolls to be taken on the road claimed by plaintiff, and the right of the plaintiff to exercise the franchise, which it claimed could not, in that proceeding, be inquired into: Weaverville & M. W. R. Co. v. Board of Supervisors, 64 Cal. 69, 28 Pac. 496.

It is clear, therefore, that the judgment·in that proceeding could not be a bar to this.

The defendants also alleged in their answer that "Fordyce Bates, the informant and complainant herein, is estopped from giving this information or making this complaint," for the reason that he was one of the original organizers of the company; one of its first directors and one of its first shareholders, as shown by the complaint; and for the further reason that in 1879, 1880, and 1881 he was a member of the board of supervisors of the county of Trinity, and voted for, aided, and assisted to fix the rates of toll for said corporation on the said

toll-road, and by his acts induced the defendants to believe that the company was a just and legal corporation; and that in March, 1881, he represented that he "knew the said corporation was a good corporation," and thereby induced one of the defendants to buy its franchise and property for himself and his then associate.

The attorney general may commence an action like this upon his own information, or upon the complaint of a private party, and he must commence it whenever he has reason to believe that a franchise has been usurped, intruded into, or unlawfully held or exercised by any person: Code Civ. Proc., sec. 803. The action is commenced in the interest of the public, to redress wrongs which injuriously affect the public. If the defendants have usurped and are unlawfully exercising a franchise, why should an action commenced to redress the wrong be barred because of any prior acts or misrepresentation of the informant? No case of a similar character has been called to our attention where the doctrine of estoppel has been invoked, and we fail to see how it can be invoked here. The other points need not be mentioned.

On the whole, we think the judgment and order should be affirmed.

We concur: Searls, C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.