[No. 14044.    In Bank. — April 28, 1891.]

STONY HILL TURNPIKE ROAD COMPANY, RE-
SPONDENT, v. BOARD OF SUPERVISORS OF PLA-
CER COUNTY, APPELLANT.

TOLL-ROAD — RATES OF TOLL — DUTY OF SUPERVISORS — MANDAMUS. — It
is the duty of the board of supervisors of a county, upon the application
of a toll-road corporation whose road is within the county, to establish
rates of toll, and they may be compelled to fix rates by writ of mandate.

APPEAL from an order of the Superior Court of Placer
County granting a writ of mandate.

The facts are stated in the opinion of the court.

*F. P. Tuttle*, for Appellant.

*Hale & Craig*, and *J. E. Prewett*, for Respondent.

GAROUTTE, J. — This is an appeal from an order
granting a writ of mandate. The findings are in conso-
nance with the allegations of plaintiff's petition for the
writ, and, in effect, are as follows: The plaintiff was a
corporation duly organized December 26, 1877, under
the provisions of the laws of this state providing for the
construction of toll-roads, and its period of existence
was fixed in its articles of incorporation at the term of
twenty-five years; that plaintiff, about said time, con-
structed a toll-road in Placer County, California, com-
monly known as the Stony Hill Turnpike, and ever
since has been and now is the sole and exclusive owner
and in the possession thereof, using the same as a toll-
road, and collecting tolls therefrom; that the board of
supervisors of Placer County, from time to time, fixed
its rates of toll, and the thirteenth day of January, 1888,
was the last time said board established said rates;
that plaintiff demanded of said board, on April 27,
1889, that it fix and re-establish said rates of toll, but
said board refused, and still refuses, so to do; that on
January 11, 1890, said board rescinded the said order of

January 13, 1888, and no other order has been made since said last-mentioned date; that plaintiff has no speedy, plain, and adequate remedy at law; and that the defendants are the duly elected, qualified, and acting board of supervisors of Placer County.

We are at a loss to see upon what authority or theory the appellant refused to establish the rates of toll upon plaintiff's toll-road. Plaintiff's property is worthless unless tolls can be collected, but tolls cannot be collected unless the board of supervisors fix the rates. (Civ. Code, sec. 514.)

It certainly cannot be contended that the board of supervisors, as prescribed by the provisions of the Political Code, sections 2779 et seq., can advise, assist, and authorize a corporation to build and construct a toll-road, perchance at great expense, and then have the legal right arbitrarily to refuse to fix rates of toll, and thus practically confiscate the corporation's property. The case of *People* v. *Davidson*, 79 Cal. 170, is a different character of action, and under an entirely different state of facts, and is not applicable nor authority in a case where a corporation has been organized under the provisions of our codes for the construction of toll-roads, and has in good faith, as appears by the record in this case, proceeded with the construction thereof.

The case of *Weaverville and Minersville Wagon Road Company* v. *Board of Supervisors of Trinity County*, 64 Cal. 69, is conclusive of this case, if authority were necessary; but under the facts here disclosed it was clearly the duty of the board of supervisors, upon the application of the plaintiff, to establish rates of toll for its toll-road.

Let the judgment be affirmed.

SHARPSTEIN, J., PATERSON, J., HARRISON, J., McFARLAND, J., and DE HAVEN, J., concurred.