[No. 14033.    In Bank. — April 28, 1891.]

## VOLCANO CAÑON ROAD COMPANY, Respondent, *v.* THE BOARD OF SUPERVISORS OF PLACER COUNTY, Appellant.

Toll-road — Rates of Toll — Duty of Supervisors — Mandamus. — The board of supervisors of a county wherein a toll-road is situated has no right arbitrarily to refuse, but is in duty bound, to fix toll rates, after a demand by the toll-road corporation that the board fix the rates of toll, and they may be compelled to fix the rates by writ of mandate.

Id. — Validity of Incorporation — Title to Toll-road. — The question as to whether the toll-road company was ever legally incorporated, and as to whether it had ever been or was the owner and entitled to the possession of the toll-road, of which it had possession for more than fifteen years, cannot be inquired into by the board of supervisors on an application to fix its rates of toll, or in a proceeding by *mandamus* to compel the board to fix rates.

Appeal from an order of the Superior Court of Placer County granting a writ of mandate.

The facts are stated in the opinion.

*F. P. Tuttle,* for Appellant.

*W. H. Bullock,* and *J. E. Prewett,* for Respondent.

Belcher, C. — The plaintiff is a corporation duly organized under the laws of this state, and for more than fifteen years has been and now is the owner and in possession of that certain toll-road, situate in Placer County, known as the Volcano Cañon Toll Road. During all the time of its ownership of the road, up to October 14, 1889, the plaintiff collected tolls from persons passing over the same, under orders made from time to time by the board of supervisors of the county fixing the rates of such tolls. The last order fixing rates of tolls for the road was made on January 13, 1888, and this order was rescinded and set aside by the board on October 14, 1889. The plaintiff afterwards demanded that the board again fix the rates of toll to be by it col-

lected for travel over its road, but the board then and there refused, and still refuses, to comply with the demand. The plaintiff then commenced this proceeding to obtain a writ of mandate compelling the defendant board to fix rates of toll for its road. After trial the court below found the facts to be as above stated, and rendered judgment granting the writ. From that judgment this appeal is prosecuted on the judgment roll.

We think that the judgment entered was proper. The case is not materially different from that of *Stony Hill Turnpike Road Co.* v. *Board of Supervisors of Placer County, ante,* p. 632. The questions attempted to be raised as to whether the plaintiff was ever lawfully incorporated, and as to whether it had ever been or was the owner and entitled to the possession of the toll-road, of which it had had actual possession for more than fifteen years, were matters which could not be inquired into by the board of supervisors on an application to fix its rates of toll, or in a proceeding by *mandamus* to compel the board to fix rates. (*Weaverville W. R. Co.* v. *Board of Supervisors,* 64 Cal. 69.)

It is true that the right to collect tolls on a toll-road is a franchise, and that tolls can only be collected after the board of supervisors has fixed the rates. But a board of supervisors has no authority to arbitrarily refuse to fix rates, and thereby destroy the value of the toll-road property.

We advise that the judgment be affirmed.

VANCLIFF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.