[No. 18118.  Department Two.—October 13, 1893.]

## THE PEOPLE, RESPONDENT, v. VOLCANO CANYON TOLL-ROAD COMPANY, APPELLANT.

TOLL-ROAD—USURPATION OF FRANCHISE—QUO WARRANTO—BURDEN OF PROOF.—In an action in the nature of a *quo warranto* against a toll-road company for the usurpation of a franchise, and to have the road upon which it has collected toll declared a public highway and to enjoin the company for collecting tolls thereon, where the answer admits that the defendant claims and is exercising the disputed franchise, the burden of proof is upon it to show by what warrant or authority it claims and exercises the franchise; and where there is no attempt to show any warrant or authority whatever a judgment in favor of the plaintiff is proper.

ID.—CORPORATION DE FACTO—ASSUMED NAME OF TOLL-ROAD COMPANY.— An individual cannot become a corporation *de facto* by assuming the name of a toll-road company, where there are no directors or officers, and no acts in corporate forms.

ID.—ADMISSION OF CORPORATE CHARACTER—EVIDENCE.—Where the corporate character of a toll-road company alleged to be the usurper of a toll-road franchise in an action of *quo warranto* is admitted in the pleadings,

but the evidence shows that there is no such corporation, and does not disclose any authority to collect tolls, a judgment declaring the road a public highway, and enjoining the defendant from collecting tolls must be affirmed.

Id.—Pleading—Admission of Franchise—A complaint in *quo warranto* against a toll-road company alleging "that for more than six months last past defendant has had no franchise or right to demand or take toll," etc., does not admit that the defendant ever had a toll-road franchise.

Appeal from an order of the Superior Court of Placer County denying a new trial.

The facts are stated in the opinion.

*Clitus Barber,* and *John M. Fulweiler,* for Appellant.

*F. P. Tuttle,* and *A. K. Robinson,* for Respondent.

Temple, C.—This action was brought to have a certain road in Placer county declared a public highway, and to enjoin defendant from collecting tolls thereon. Plaintiff had judgment; and defendant appeals from an order denying a new trial.

It is averred in the complaint that defendant claims and is exercising the franchise of collecting tolls for the privilege of traveling upon and passing over the road, and is maintaining toll-gates, thereby obstructing the road, and preventing its use and enjoyment by the public, except upon condition of paying toll to the defendant; further: "That for more than six months last past defendant has had no franchise or right to demand or take toll from passengers or travelers upon said road for the privilege of passing over or along the same with their animals or at all, or to establish or maintain any toll-gate or other gate or obstruction thereon," etc.

The answer admits, by not denying, that the defendant claims and is exercising the disputed franchise, but denies that it is doing so without right; and avers that the board of supervisors of the county granted defendant a franchise to collect tolls upon the road which has not expired.

This being an information in the nature of a *quo war-*

*ranto* brought by the attorney-general, and the fact that the defendant claimed and was exercising the disputed franchise being admitted, the burden was on the defendant to show by what warrant or authority it claimed and exercised the franchise. There was no attempt to show any warrant or authority whatever. The judgment, therefore, was proper.

The statement shows that but one witness was sworn, and that was one Bunker, who testified for the defendant. He testified that the road belonged to his wife, who took it as legatee under the will of witness' brother, and since they had owned it they had built a bridge and repaired the road; that toll had always been charged for traveling the road. He also said they had never claimed to be incorporated, and that the name used as defendant was simply the name of the road and was convenient for that purpose. Yet we are referred in the brief of appellant to a case in which this same name figured as a plaintiff in a case to compel the board of supervisors to fix the rate of tolls, which case was appealed to this court. (*Volcano Cañon R. Co.* v. *Board of Supervisors,* 88 Cal. 634.) In that case it was said that the board on that application could not inquire whether the plaintiff was legally incorporated or owned the road.

It seems a very startling proposition that a person taking a name, apparently of a corporate body, and in his complaint asserting it to be such, can take possession of a public highway which was laid out and built, and is being controlled by, this very board, and compel that body to fix rates of toll, and allow the applicant to appropriate the highway without the right to question the corporate character, although no such pretended body ever existed, or claimed to exist, save in the petition to have the rates fixed. *Weaverville M. W. R. Co.* v. *Board of Supervisors,* 64 Cal. 69, is relied upon as authority for this proposition. But in that case it was proven and found that the plaintiff was an acting corporation, and it was simply held that in that proceed-

ing this was sufficient and conclusive. In this case there are no persons acting under the name. There are no directors or officers, and no acts in corporate form.

As to the other proposition, it has been held in numerous cases that the board, when such application is made, may and should inquire as to the right of the applicant to a franchise, and it has been held that, because the board on such an application has determined this right, an individual who is using the road cannot question it. (*Truckee T. Co.* v. *Campbell,* 44 Cal. 89.)

In *Blood* v. *Woods,* 95 Cal. 78, it was said that all toll-roads are public roads, and to some extent under the control of the board of supervisors, and that the roads upon which they may be required to fix rates of toll are those laid out and built as toll-roads under the provisions of the code.

This is not a proceeding for fixing rates, but an inquiry on behalf of the state as to the authority of the defendant, if there be one, to collect tolls. No such right has been shown.

It seems to be claimed that in the allegation quoted from the complaint it is admitted that prior to six months immediately preceding the action the defendant had a franchise. But this is not so. It is a very cautious statement, but is entirely consistent with the proposition that defendant never had a franchise at any time.

The pleader might have contented himself with merely stating the fact that the defendant was claiming and exercising a franchise, and averred that it was without right; or he might have averred the existence of a franchise at some time, and shown that it had terminated or been forfeited. In the last case the facts showing that it had ended or had been forfeited should have been stated. The complaint here, though containing some unnecessary statements, is quite sufficient for a complaint of the first character, but is insufficient for a complaint in the other class of cases.

The corporate character of the defendant is admitted

in the pleadings, still the evidence shows beyond doubt that there is no defendant. It is *nominis umbra* merely.

I advise that the order be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.