LAWRENCE COUNTY V. DEADWOOD & G. TOLL-ROAD CO. *et al.*

1. Evidence of an attempt to substantially comply with Comp. Laws, §§ 3026–3037, authorizing individuals and corporations to establish and operate wagon roads at a fixed rate of toll, and the construction at great expense and maintenance of such a road for over fifteen years by a private corporation, under an unchallenged claim of title, which was officially recognized by the county, is *prima facie* evidence of ownership, as against the county.

2. Where the statute (Comp. Laws, § 1210 *et seq.*) in regard to taking property for a public highway does not attempt to provide a complete scheme to devest every substantial private property right for the use of the public, the fundamental principle that the word "owner" should be construed to embrace every person whose property is to be directly seized and appropriated is applicable; and, where a company operating a toll road over practically the same route located for the new highway was made a party to the proceedings by the county, it is entitled to show the amount of its damages.

(Opinion filed June 14, 1898.)

Appeal from circuit court, Lawrence county.. Hon. A. J. PLOWMAN, Judge.

Proceedings by Lawrence county to locate a public high-way. From the action of the county commissioners ratifying the assessment for damages, ·Ellen Scott and the Deadwood & Gayville Toll Road Company appealed to the circuit court, from whose decision in favor of the county they appeal. Reversed as to the company.

The facts are stated in the opinion.

*Martin & Mason,* for appellants.

The county by its condemnation proceedings admitted the right of appellants and the validity of their toll road. Village of Olean v. Steyma, 32 N. E. 9; Board v. Bisby, 15 Pac. 241; City of San Jose v. Reed, 65 Cal. 241; Railroad v. Jackman, 6 Dak. 236.

If appellant's right to collect tolls was properly in issue that right was established by the law and by the undisputed evidence. Comp. Laws, §§ 3026, 3027, 2900, 2905, 2919, 3028, 3037; Palmer v. Plank Road Co., 11 N. Y. 385; Walker v. Caywood, 31 N. Y. 51; Plankroad Co. v. Chamberlin, 32 N. Y. 655; Palmer v. Gravel Road Co., 8 N. E. 908; Attorney General v. D. & E. P. R. Co., 2 Mich. 138; Plankroad Co. v. Fisher, 4 Mich. 37; Estes v. Kelsey, 8 Wood 558; Morgan v. Louisiana, 93 U. S. 217; Fletsom v. Hay, 13 N. E. 501, 8 Am. & Eng. Enc. of Law, 586; Dartmouth College v. Woodward, 4 Wheat. 637, 4 Thomp. on Corp. § 5335; Board v. Lewis, 133 U. S. 198; Cooley·Const. Lim., p. 239; Lewis Evi. Dam., §442; Sherwood v. Railroad, 21 Minn. 127; Railroad v. Berbe, 14 Neb. 463; Railroad v. Cobb. 35 O. St. 94; Sacramento Valley Co. v. Moffat, 7 Cal. 577; Wagon Road Co. v. County, 64 Col. 69.

If it was incumbent upon appellant to prove a compliance with Sections 3026 and 3027, Comp. Laws, and if the proof offered were not so clear that two minds could not reasonably draw different conclusions therefrom there was still sufficient evidence of compliance to require the submission of the question to the jury. 2 Blackstone's Comm., p. 195; Lewis Ev. Dam. 442; Sherwood v. Railroad, 21 Minn. 127; Railroad v. Berbe, 14 Neb. 463; Railroad v. Cobb, 35 O. St. 94; Railroad v. Gordon, 2 N. W. 649; Estes v. Edwards, 32 Pac. 549.

*John R. Wilson,* State's Attorney, Lawrence county, for respondent.

FULLER, J. Pursuant to statute, and upon the requisite petition, plaintiff, by its commissioners, undertook to locate a public highway, not on a section or quarter-section line, extending from the "southwestern limits of the city of Deadwood, in Deadwood Gulch, thence up said gulch to Central City, all in the county of Lawrence, South Dakota." Upon the return of a favorable report by the viewers duly appointed, defendants objected to the proposed highway, in the manner provided by section 1210 of the Compiled Laws, viz.: "If any person through whose land such highway or change may pass shall feel aggrieved thereby, such person may at any time before final action of the board thereon set forth such grievances by way of remonstrance, and the said board shall thereupon appoint three disinterested freeholders as reviewers, and assign a day and place for them to meet." From the action of the county commissioners ratifying the reviewers' assessment of $500 damages in favor of each defendant, both appealed to the circuit court, where a trial to a jury resulted in the direction

of a verdict against the Deadwood & Gayville Toll-Road Company, and a judgment in favor of Ellen Scott for $1,275 damages, from which both parties defendant appeal to this court.

The undisputed evidence shows that Ellen Scott is the owner of a distinct portion of the land in question; that in 1877 the Deadwood & Gayville Toll-Road Company,—though not incorporated until 1882,—under that name, constructed a valuable and costly toll road, extending over practically the route located by respondent as a free public highway, and has at all times maintained and kept the same in good condition. Upon the theory that said appellant is not an "owner," in contemplation of law, the court rejected all testimony offered to show the existance of a franchise acquired by a substantial compliance with essential statutory provisions; and this is assigned as error. As the legislature has not attempted to provide a complete scheme under which to divest every substantial private property right for the use of the public, fundamental principles applicable to such proceedings should be considered a part of the system, when not at variance with the express words of the statute; and the word "owner" should be construed to embrace every person whose property is to be direct ly seized and appropriated. Elliott, Roads & S. 233. The rejected testimony tended to show that both parties to the action had at least attempted to comply substantially with the statute (Comp. Laws, §§ 3026, 3037, inclusive) authorizing both natural persons and corporations to establish and operate wagon roads at a fixed rate of toll, which state of facts, together with the concession that appellant did construct, at great expense, and had for more than 15 years maintained, the road, under an unchallenged claim of title, was prima

facie evidence of ownership, as against respondent, who had at all times officially recongnized such claim. Weaverville & M. Wagon-Road Co. v. Board of Sup'rs, 64 Cal. 69, 28 Pac. 496. Compensation is an element of "due process of law." and, having elected to make appellant corporation a party to the proceeding, the evidence offered to establish the existence of a franchise, and the damage occasioned by the taking of its property, was, under the circumstances, admissible. Apparently, its exclusion, and the direction of a verdict by which alleged private property was taken for a public use without any compensation. amount to the denial of a positive right guarantied by the constitution.

. Manifestly, the verdict in favor of appellant Scott is fully equal to all damages recoverable in this suit on account of her interest; and the judgment appealed from is affirmed as to her, but reversed as to the Deadwood & Gayville Toll-Road Compary, and the case remanded for a new trial accordingly. Let the costs recoverable be taxed equally against appellant Scott and the respondent Lawrence county, in favor of the appellant Deadwood & Gayville Toll-Road Company.