THE STATE v. MINTON.

49 591
101 388

1. **Quo Warranto: APPOINTMENT.** Where one claims to have been duly appointed to fill a vacancy in an office, the duties of which he alleges are being without authority performed by another, his remedy is by *quo warranto*, notwithstanding the fact that his claim to the office is based upon an appointment, and not upon an election.

2. **Bond: ACKNOWLEDGMENT: PUBLIC OFFICER.** The acknowledgment before the township clerk of the bond of a public officer, subsequently approved by the proper officers, was not such an informality as to entitle his predecessor to retain the office or perform its duties.

*Appeal from Harrison Circuit Court.*

THURSDAY, DECEMBER 5.

ON the 23d day of February, 1878, Charles Gilmore obtained permission of the judge of the Fourth Judicial Circuit to commence and prosecute an action against one Jacob Minton, under chapter 6, of title 20, of the Code of 1873. On the 6th day of March, 1878, Charles Gilmore filed in the Harrison Circuit Court an information entitled *Charles Gilmore v. Jacob Minton*, stating his cause of action as follows:

"That on the 28th of January, 1878, he was duly appointed school treasurer by the school board of the district township of Raglan, in Harrison county, Iowa, to fill the vacancy caused by the resignation of Hiram Smith, the then duly elected and qualified incumbent of the said office; that the defendant is unlawfully exercising and has usurped said office, in this: that on the election and qualification of the said Hiram Smith, as provided by law, the said defendant, whose term of office as school treasurer had expired, failed and refused to deliver over to the said Hiram Smith, his successor in office, the books, papers, moneys and effects of his said office, though requested so to do; that after the resignation of the said Hiram Smith, duly made to said school board, and accepted by them, and the appointment and qualification of this plaintiff to fill the vacancy, as stated aforesaid, the said defendant

still refused and failed to deliver over to said plaintiff the books, papers, moneys and effects of the said office in his hands, though requested so to do by plaintiff, but, on the contrary, defendant claims to be, and acts as, the treasurer of the said district township of Raglan; that, before the filing of this petition or information, the informant demanded and requested the proper district attorney of the Fourth Judicial District of Iowa, to-wit: George B. McCarty, to commence and institute this proceeding, and that he has neglected and refused to do so. Therefore, plaintiff demands judgment that the defendant be ousted and altogether excluded from said office; that.he be adjudged to pay the costs of this proceeding, and that an order be issued by the court requiring the defendant to deliver over to the plaintiff all books, papers and moneys in his custody or under his control belonging to said office."

To this petition the defendant demurred, as follows:

"1. That said petition shows upon its face that the plaintiff has no legal capacity to sue, in this : That said action was commenced by a private individual, in his own name, as plaintiff, and not as relator, whereas said action should have been commenced in the name of the State of Iowa, as plaintiff, on the relation of the said Charles Gilmore.

"2. That said petition contains no averments showing the fact that this action was brought on the relation of any private individual.

"3. That said petition does not contain any averments that the defendant is unlawfully holding or exercising any public office or franchise within this State, or any office in any corporation created by this State."

The court overruled the demurrer, and required that the cause be entitled as follows: "*State of Iowa on the relation of Charles Gilmore vs. Jacob Minton.*" The plaintiff filed an amendment to the petition entitling the cause as the court directed.

Afterward the defendant answered, denying that Charles

The State v. Minton.

Gilmore was at any time duly appointed treasurer of said district; that any vacancy was created in said office by the resignation of Hiram Smith; and that defendant is unlawfully exercising or usurping said office.   The answer alleges that Hiram Smith was never duly elected nor qualified to the office of treasurer of said district township; that on the 17th day of September, 1877, defendant was and for a long time had been treasurer of said district township; that on said 17th day of September he was duly and legally re-elected; that on the 28th day of September he presented his bond for approval; that the board of directors refused to approve his bond, and unlawfully and wilfully approved a pretended bond of Hiram Smith for said office; that on the 28th of January, 1878, Hiram Smith tendered his resignation, which was accepted, and Charles Gilmore was appointed to fill the pretended vacancy.

The court found that Charles Gilmore is entitled to exercise the functions of the office of school treasurer of said district, and that the defendant, Jacob Minton, should be ousted and excluded therefrom.   The defendant appeals.

*S. I. King* and *Evans & Roadifer*, for appellant.

*W. S. Shoemaker* and *Joe H. Smith*, for appellee.

DAY, J.—I.   It is urged that there was error in overruling the demurrer.   The exception taken to this ruling was waived by filing the answer.

.II.   It is claimed by appellant that if the relator was acting as treasurer by appointment of the board of directors, no question of title could arise to the office to be determined by *quo warranto*, and that the remedy of the relator is by some other proceeding.   It is urged that no question of title could arise if all that the relator claims is true, because, as between the relator and the defendant, the board, in their action, settled the question of title.   It appears from the record, however, that the defendant claims that he, by the act of the board of supervisors, is the

duly appointed treasurer of said township, and entitled to discharge the functions of the office, and that, under such claim, he refuses to deliver to the relator the books, papers, moneys and effects of said office. It does not appear from the record that the relator is acting as the treasurer of the township. Upon the contrary the petition alleges that the defendant is unlawfully exercising and has usurped the office, in that he fails to deliver over the books, papers, moneys and effects, and claims to be and act as the treasurer of said township. The answer does not deny this, but claims that defendant was, on the 17th day of September, 1877, duly and legally re-elected to the office of treasurer. We think the proceeding instituted is the proper one to determine whether the defendant has a right to exercise the functions of the office, and retain the moneys and effects pertaining to it. See Code, §§ 3345, 3351.

III.   It is insisted that the record discloses facts sufficient to show the action of the board in appointing the relator to have been without color of right or authority of law. It appears from the evidence that on the 17th day of September, 1877, the defendant was the treasurer of said district township. On that day, at a regular meeting of the board of directors, action was taken which the records of the board show to be as follows: "On motion we now proceed to elect a secretary by informal ballot. Donald Maul having received all the ballots cast was declared duly elected secretary for the ensuing year.   Carried. On motion, we now proceed to elect a treasurer by informal ballot.   Jacob Minton, 2 votes; Hiram Smith, 1 vote; J. M. Hall, 1 vote.   On motion, by formal ballot, Hiram Smith, having received a majority of all the ballots cast, was declared duly elected treasurer for the ensuing year."

The next action of the board was at a special meeting, September 28, 1877, of which the record is as follows: "On motion, the bond of Jacob Minton as treasurer be not approved

nor accepted by the board. Carried. On motion, the bond of Hiram Smith as treasurer be approved. Carried."

A special meeting was held November 16, 1877, of which the record is as follows: "On motion we proceed to elect a treasurer by ballot. Hiram Smith, having received all the ballots cast, was declared duly elected treasurer for the ensuing year. On motion, the bond of Hiram Smith be accepted and approved by the board. Carried."

The reason of electing Smith a second time as treasurer is not shown. Perhaps it was because of defendant insisting that he was elected, and claiming the right to discharge the duties of the office. The reason, however, for this second election is not material. The bond of Hiram Smith was executed on the 28th day of September, 1877, and on the same day was filed with the board. The bond is regular in form, but was acknowledged and sworn to before the township clerk of the township of Raglan.

A special meeting of the board was held January 28, 1878, at which the following proceedings were had: "Hiram Smith tendered his resignation, which was accepted. On motion we now appoint Charles Gilmore treasurer of district township of Raglan."

On February 4, 1878, a meeting was held, and the following record was made on that and the following day: "On motion adjourned to meet February 5th. Met pursuant to adjournment in sub-district No. 2, at school-house. On motion bond of Charles Gilmore, as treasurer, be accepted and approved. Carried."

We understand the position of appellant to be, although it does not very clearly appear from the argument, that he was elected by a plurality vote at the meeting of September 17, 1877, and became thereby entitled to the office. But the vote which gave defendant a plurality was a mere informal vote. The first formal vote gave Smith a majority, and duly elected him treasurer. It is further claimed that, as the bond of Hiram Smith was acknowledged and sworn to before the

township clerk of Raglan township, Smith did not legally qualify, and that the defendant, being the incumbent of the office, held over. We think, however, that the acknowledging and swearing to the bond before the township clerk was, at the most, a mere irregularity, and that it was cured when the board of directors approved the bond and caused it to be filed. The record discloses no error.

AFFIRMED.