STATE OF IOWA *ex rel.* MAURICE HARTNETT, Appellant, v. J. M. POWELL, A. L. ANDERSON, JAMES NEAL, ROBERT YOHE, and WILLIAM ANDERSON.

**Schools:** QUALIFICATION OF OFFICERS. Directors of independent school districts must qualify on or before the first Monday in March after their election, which is the date of the first meeting, under Code, Section 1836, providing that such district shall be governed by the laws regulating the district townships so far as the same may be applicable, as the sub-directors in the latter districts are required to qualify on or before that day, which is likewise the date of the first meeting of the board in such districts.

DE FACTO OFFICERS. Though the acting directors of an independent school district who were duly elected, were sworn by a person having no authority to administer oaths, they became officers

*de facto,* and their acts as such in electing a secretary and treasurer are valid.

*Same.* The fact that the directors of the school district, having some trouble in the meeting, left the meeting place without making any arrangement to return or hold another meeting, did not constitute an adjournment; and their re-assembling on the same day was a continuation of the meeting, and action taken at that time was valid.

**Appeal:** HARMLESS ERROR: *Ouster.* A judgment of ouster will not be entered against an officer after his term of office has expired, where no substantial rights could be subserved by such a judgment.

*Appeal from Monroe District Court.*—HON F. W. EICHEL-BERGER, Judge.

WEDNESDAY, APRIL 7, 1897.

THE defendants are acting officers of independent school district No. 1, Bluff Creek township, Monroe county, Iowa; Powell being treasurer, A. L. Anderson secretary, and the other defendants directors. This action is to test their official rights in respect thereto, except as to William Anderson.

The district court made the following findings of fact as to the directors: "That the plaintiff is a resident of independent school district No. 1, Bluff Creek township, Monroe county, Iowa, and for several years prior to the seventeenth day of September, 1894, he had been such resident, holding and exercising the office and official duties of secretary of said school district; that on the second Monday of March, 1893, one Robert Yohe, one of the defendants herein, was elected a director of said district, and was holding said office at the time of this trial, under and by virtue of said election; that on the second Monday of March, 1894, defendant James Neal was elected a director of said district, and at the time of the trial of this suit he was still holding the office of director of said district, under

and by virtue of said election; that at the time of the bringing of this suit, and since the third Monday of March, 1894, and to the time of this trial, said two directors constituted a majority of the school board of said district; that each of them, on the Monday after their election, qualified and took the oath of office before the relator, as secretary of said district; that they took no other oath, nor qualified in any other manner, until the seventeenth day of September, 1894, when they were qualified before an officer authorized to administer the oath of office; that said directors now hold said office under and by virtue of said election and the qualification of September 17, 1894, and in no other manner; that this action is brought to oust them from said offices, because they did not qualify before some officer authorized to administer oaths on the Monday after their election as aforesaid." Under the foregoing facts, the district found for the defendant directors. It also found for the other defendants, and the facts as found will be stated in the opinion, in connection with their consideration. From a judgment denying the prayer of the petition, the relator appealed.—*Affirmed.*

*D. M. Anderson* for relator.

*W. A. Nichol* for respondents.

GRANGER, J.—I. We first notice the action as to the directors, under the facts as presented, which are not questioned. The law provides for the election of directors in independent districts on the second Monday in March of each year. In districts like the one in question, the board of directors consists of three, each holding for a term of three years, so arranged that one is elected each year. The judges of election are to issue certificates of election to the

persons elected for the ensuing term. Code, section 1808. The law nowhere makes express provisions for the qualification of such directors. If they are to qualify, the law requiring it, and the time for it, must be found in the law as to district townships. Section 1806, being one of the sections as to independent districts, is as follows: "Said district may have as many schools, and be divided into such wards or other subdivisions for school purposes, as the board of directors may deem proper; and shall be governed by the laws enacted for the regulation of district townships, so far as the same may be applicable." It was doubtless the intention that these, as well as other officers, should qualify by the taking of an oath. Subdirectors, who constitute the board of directors in district townships, are elected on the first Monday in March, and are required to qualify by taking an oath before some officer authorized to administer oaths, on or before the third Monday in March, on which day is the first regular meeting of the board of directors. The regular meeting of the board of directors in independent districts is on the third Monday in March, being one week after the election of directors. It is at this meeting, as we understand, that they assume the duties of office, and become members of the board. There is little room to doubt that they are to qualify by taking an oath, the same as required of a subdirector, on or before that day. Looking to the facts of this case, it will be seen that defendant Yohe was elected in 1893, and at the regular March meeting of the board, he qualified, by taking an oath before the relator, who was secretary of the board, but not by law qualified to administer oaths. The same was true of defendant Neal, in 1894. The title of defendant William Anderson to his office is not questioned. The term of office of Yohe expired in March, 1896, by operation of law;

that of Neal, in March, of this year; and if we are to hold their acts void, or, in other words, if we are to hold that their acts as directors are not official, in the sense of being valid, some of the consequences to result may be readily imagined. Such a fact should have its weight in the settlement of doubtful questions of statutory construction. The defect in qualifying, was the failure to take the oath of office before a proper person. We have no doubt that the directors were *de facto* officers. In *State v. Perkins*, 24 N. J. Law, 409, the syllabus, which is sustained by the opinion, states: "If officers, who are required to be sworn before they enter on the duties of their office, are wrongly sworn,—e. g. before a person not authorized to administer the oath,—their acts are not therefore invalid. The general rule is that the acts of an officer *de facto*, in which others have an interest, are valid." The rule of the case as to officers *de facto* is so universal as not to be doubted. We have no doubt of the validity of the acts of the defendant directors. A further reference to the case as to them may be made after considering the case as to the treasurer and secretary.

II. The following are the further facts in the case: "That on the seventeenth day of September, 1894, being the third Monday in September, 1894, the school board of said independent district met at 9 o'clock A. M., for the transaction of their regular business for that day; that they remained in session until about noon of said day, when, becoming somewhat embroiled in their business, they got up, and left their meeting place, without making any arrangements to return, or to hold another meeting that day; that they elected no secretary nor treasurer at that time; that afterward, and on the same day, and about seven or eight o'clock at night, and after they had gone to Albia, and been properly sworn in,

said board, without notifying the relator further than to inquire for him at his boarding house, and without giving him, personally, any notice of a further meeting, and without him having any notice thereof, got together, and, after calling to order, appointed a temporary secretary, and adjourned to another day, for the election of a secretary and treasurer, and, at the time adjourned to, they elected defendant, A. L. Anderson, secretary of said school district, and defendant J. M. Powell, treasurer of said district; that afterward, and within ten days after said meeting, on the third Monday of September, 1894, the relator presented to the president of said board his qualification and bond as secretary of said district, and claimed to hold the office as a hold-over secretary; that said president refused to receive said bond; and that said A. L. Anderson has since held the office as secretary of said school district, to the exclusion of relator." We see nothing in this proceeding to invalidate the action of the board. The claim is that there could be no valid election of a treasurer or secretary after the separation, because the members of the board "got up and left their meeting place, without making any arrangements to return, nor to hold another meeting that day." We attach no other meaning to the finding than that, because of their trouble, they separated for a time, and then returned to their duties. No other conclusion is permissible. It is not to be inferred, as claimed by appellant, that it was "with no intention of returning or of meeting again that day." It was not an adjournment, but, practically, a recess. The cause of it is of no moment, nor is the manner of taking it. We are not to assume motives. or purposes that will invalidate the acts of public officers. The law required the board to elect the treasurer and secretary at the regular meeting on the third Monday in September, and that was done. The

acts of the directors being valid as *de facto* officers, the election of the treasurer and secretary by them made them officers *de jure*. The prayer of the petition is that the defendants be ousted from the offices they are unlawfully holding, and that the relator be placed in the office of secretary. Our conclusion is that the treasurer and secretary were legally chosen, so that the district court did not err in refusing to remove them, and grant the prayer of the relator as to himself.

The district court also held that the qualification of the directors, in September, made them officers *de jure*. The correctness of that holding we need not determine. Their terms have now both expired by operation of law, and were we to reverse that holding, and direct a judgment of ouster, it could not be enforced, nor could such a judgment be of any avail to the relator, to secure to him the object of the suit, as, with a judgment of ouster enforced, he could not be placed in the office of secretary. No one is contesting the right to the office of director, and no money consideration is involved. The ruling of the court denying a judgment of ouster as to the directors, in any event, was without prejudice to any claim of right in this suit. A judgment of ouster at this time would be an idle form. See *State v. Minton*, 49 Iowa, 591; *State v. Porter*, 58 Iowa 19 (11 N. W. Rep. 715). The judgment is AFFIRMED.