THE STATE EX REL. McNULTY v. PORTER.

1. **Quo Warranto:** DISMISSAL OF. The relator by an action of *quo warranto* sought to be declared the lawful subdirector of the district township of Washington, and to oust defendant from the office. No fees attached to the office of subdirector. At the time of trial, the term of office in dispute having expired, the court dismissed the cause. *Held,* that the action of the court was right.

*Appeal from Webster District Court.*

TUESDAY, APRIL 4.

THIS is an action of *quo warranto,* commenced in April, 1879, to determine the right of the relator to the office of subdirector, in subdistrict number 5, in the district township of Washington, in Webster county. The petition asks that the defendant be excluded from the office, and that the relator be declared the lawful subdirector of said subdistrict. The cause not being reached for trial at the August, 1879, term, was continued. At the March term, 1880, of the court, it was suggested to the court that the term of office in dispute had expired. The court thereupon dismissed the cause, and ordered that each party pay his own costs. The relator appeals.

*Clarke & Farrell*, for appellant.

*M. D. O'Connell*, for appellee.

DAY, J.—The action of the court was right. The relator asks that he be adjudged and decreed to be the lawful sub-director, and that the defendant be ousted and excluded from the office. The term of office having expired, the court could not grant this relief. No fees attach to the office of subdirector, and hence neither party had anything to gain or lose by further litigation. Courts are not organized for the purpose of determining mere abstractions. The court ought not to be required to spend its time in the accumulation of a bill of costs, for no other purpose than that of determining which party should pay them. As no vital question remained for determination, the further prosecution of the case would have been vexatious and unjust.

1. QUO WARRANTO: dismissal of.

AFFIRMED.