[No. 9,960.   Department Two.—January 5, 1885.]

THE PEOPLE, EX REL. JAMES BELTNER AND F. J. HALL, APPELLANTS, *v.* THE CITY OF RIVERSIDE, RESPONDENT.

MUNICIPAL CORPORATION — USURPATION OF FRANCHISE — COMPLAINT. — The right to enjoy and exercise the franchise of a municipal corporation depends upon a compliance with the provisions of the statute which authorizes the organization of such corporations. A complaint in an action for a usurpation of such franchise, which shows that the defendant is exercising the same without being incorporated according to law, states facts sufficient to constitute a cause of action.

ID.—NECESSARY PARTIES—NONJOINDER.—The statutory action for the usurpation of a municipal franchise may be maintained against the defendant in its assumed corporate name without joining the trustees, Their liability is for a usurpation of office, and not of a franchise.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The action was in the nature of *quo warranto*, brought by the attorney general in the name of the people of the State, claiming that the respondent was usurping the franchise of a municipal corporation. A demurrer to the complaint was sustained, and judgment on demurrer rendered for the defendant. The further facts appear in the opinion of the court.

*Attorney General Marhsall, Byron Waters,* and *Jas. A. Gibson,* for Appellants.

*Satterwhite & Curtis,* for Respondent.

SHARPSTEIN, J.—The *gravamen* of the complaint is that the defendant has usurped the franchise to be a corporation ; and, inasmuch as a corporation in this State can exist only by virtue of a compliance with the law which authorizes the creation of a corporate body, the respondent insists that the allegation that it never was incorporated is the equivalent of an allegation that it never existed as a natural person or corporation, and therefore cannot be sued under section 803, Code Civil Proc., which provides that an action may be brought " against any *person* who usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this State." " The word ' person ' includes a corporation as well as a natural

person " (Id. § 17), but that is all; and, as the complaint shows that the respondent is neither the one nor the other, the contention on its behalf is that this action will not lie against it.   The argument is not devoid of logical force, and, unless the action given by the code differs in this respect from that which existed at common law, the weight of authority is doubtless on that side; for it has been held in England and in this country, that an information for usurping the franchise *to be* a corporation should be *against the particular persons* guilty of the usurpation (*Rex* v. *Cusacke*, 2 Rolle, 113; *People* v. *Richardson*, 4 Cow. 109, note); and it was also held that *quo warranto* would not lie against one claiming office under a corporation which had no legal existence: but in New York and Minnesota, under statutes not materially different from our code in this respect, it has been held that the statutory action would lie against one usurping a town or county office, although no such town or county as the one in which it was charged the office was usurped existed. (*People* v. *Carpenter*, 24 N. Y. 86; *State* v. *Parker*, 25 Minn. 215.)

An allegation that a person had usurped the office of supervisor of the county of A, would be inconsistent with one that there was no county of A.   And since a city cannot exist in this State without incorporation, it is equally inconsistent to sue one as a corporation, and at the same time deny its existence as a corporation.   But for this there is a precedent (*People* v. *Nevada*, 6 Cal. 143); and as no substantial right of any one can be prejudiced by following it, we think no good would result from not doing so; particularly as the object of the code will be effected, and justice promoted thereby.   (Code Civil Proc., § 4.)   And in *Regina* v. *City of Chester*, cited in *King* v. *Amery*, 2 Term R. 565, there seems to have been a judgment against the city of Chester on default for failing to show its right to be a corporation.   In *People* v. *Flint*, 64 Cal. 49, the judgment that the association, of which the defendants were alleged to be officers, never had any legal existence as a corporation, was reversed on the ground that such a judgment could not properly be rendered in an action to which the association was not a party.

In New Jersey it has been held that, in an action to have it

adjudged that a corporation was never legally constituted, the proceeding must be one that will bring the corporation itself *directly* before the court. (*State* v. *Brown*, 31 N. J. L. 355.) There is no defect of parties defendant, by reason of the omission to join the trustees of the defendant with it. According to *People* v. *Carpenter*, and *State* v. *Parker*, *supra*, if the defendant had never been incorporated, an action would lie against said trustees for usurping said offices. But the usurpation of an office is one thing, and the usurpation of a franchise is another and quite a different thing. In the one case, the judgment would be that the defendant be excluded from the office ; in the other from the franchise. The question whether the complaint does not show that this action is brought against neither a person nor a corporation, is the only one which has perplexed us, and the difficulty could not be obviated by joining the trustees of the defendant with it. If it can be sued at all, it can be sued alone. We are therefore of the opinion that if the complaint shows that there has been a usurpation of the franchise to be a municipal corporation, the demurrer to the complaint should be overruled.

The complaint shows : (1) That the petition presented to the board of supervisors was not one that had been signed by at least one hundred electors of the county, but was a copy of one which had been signed by them. The law requires the presentation of a petition signed by the stated number of electors, and does not authorize the board to act on a copy. (2) That the board did not ascertain and determine how many inhabitants resided within the boundaries of said proposed corporation. The law requires this to be done, before notice of an election is given. (3) That the notice of election did not require the voters to cast ballots containing the names of persons voted for to fill the various elective municipal offices prescribed by law for such a corporation. The notice should have contained that requirement. (4) That the board did not declare to which class of municipal corporations this one belonged. It should have done so. (5) That the board made no order declaring the territory included within the proposed boundaries of " the city of Riverside " duly incorporated. That is one of the requirements of the law.

We think the right to enjoy and exercise the franchise of a municipal corporation depends on a compliance with the provisions of the statute which authorizes the organization of such corporations; and as the complaint shows that the defendant is exercising such a franchise without being incorporated according to law, it states facts sufficient to constitute a cause of action. Judgment reversed, with directions to the court below to overrule the demurrer, with leave to the defendant to answer within ten days after being notified thereof.

THORNTON, J., and MYRICK, J., concurred.