[S. F. No. 10392. In Bank.—September 20, 1922.]

## W. A. DORAN et al., Petitioners, v. JOSEPH FOSTER et al., Respondents.

[1] COUNTIES—CHARTER—TIME FOR PROPOSAL—CONSTITUTIONAL LAW. A proposed county charter which was not signed and filed by the board of freeholders until one hundred and twenty-one days after they were declared elected is not "proposed" within the time specified in the constitution, and no election can be held in pursuance thereof and the board of supervisors is not required to print such charter.

[2] CHARTERS—MODE OF PROPOSAL—CONSTITUTIONAL LAW.—The mode provided in the constitution for the proposal of charters is deemed to be the measure of power.

APPLICATION for a Writ of Mandate to compel printing of proposed county charter. Denied.

The facts are stated in the opinion of the court.

Haines & Haines for Petitioners.

Wright & McKee for Respondents.

THE COURT.—A board of freeholders was elected for the county of San Diego to propose a county charter. They were declared elected on the eighth day of May, 1922. They did not propose a charter until the sixth day of September, 1922, which was 121 days after they were declared elected. The constitution provides: "It shall be the duty of said board of freeholders, within one hundred and twenty days after the result of such election shall have been declared by said board of supervisors, to prepare and propose a charter for said county, which shall be signed in duplicate by the members of said board of freeholders, or a majority of them, and be filed, one copy in the office of the county clerk of said county and the other in the office of the county recorder thereof."

[1] The court is of the opinion that the board of freeholders did not "propose" a charter until they had signed and filed the same. The signing and filing is a method of proposal which is contemplated by the constitution. Therefore, it was not proposed within the time specified in the constitution and it must be held that no election can be held in pursuance thereof, and the board of supervisors is not required to print such charter. [2] The mode provided in the constitution for the proposal of charters is deemed to be the measure of power. Authority for this proposition will be found in *People* v. *Gunn,* 85 Cal. 246 [24 Pac. 718], *People* v. *Riverside,* 66 Cal. 290 [5 Pac. 350], and *Blanchard* v. *Hartwell,* 131 Cal. 263 [63 Pac. 349].

The writ is denied.

Shaw, C. J., Lennon, J., Richards, J., *pro tem.,* Waste, J., Myers, J., *pro tem.,* Lawlor, J., and Wilbur, J., concurred.