[Civ. No. 6790. Second Appellate District, Division Two.—June 12, 1931.]

THE PEOPLE, etc., Appellant, v. JOSEPH C. MUEHE et al., Respondents.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, Roy A. Linn and Otto A. Gerth for Appellant.

P. J. Tscharner, City Attorney, and Hewitt, McCormick & Crump for Respondents.

CRAIG, Acting P. J.—The appellant by its attorney-general instituted in the county of Los Angeles a proceed-

740

ing in *quo warranto* upon relation of certain citizens and taxpayers of the city of Azusa, a city of the sixth class, praying that respondents be required to show cause why they should occupy the office and exercise the powers of city trustees of said city, and that they be excluded from office as such trustees. Judgment was rendered decreeing that respondents were each legally entitled to the office of city trustee, and that each was a duly and regularly constituted and acting member of said board. The plaintiff appealed.

On November 27, 1928, four of the members of the board of trustees resigned. Thereafter, on the same date three of said persons met pursuant to a call issued prior to their resignation, and appointed successors to those who had resigned. Such appointees continued to occupy, and to perform the functions of, the trustees whom they so succeeded, until commencement of the instant proceeding in the superior court. As heretofore observed, it was decided below that the then incumbents were not illegally occupying said offices. It is stipulated by counsel that pursuant to an election held in 1930 the offices in controversy were filled by the electorate, from which it follows that the judgment which retained in office an assertedly illegal legislative body of the city, whether supported by law and fact, or otherwise, is not authoritative as to the legality of the personnel of the Azusa board of trustees.

██  Unless the further prosecution of a proceeding in *quo warranto* is necessary to accomplish a purpose beyond the ouster of the defendants, the proceeding will abate by the voluntary surrender by the defendants of the offices challenged, after institution of the proceeding. (*Nichols* v. *McLean,* 101 N. Y. 526 [54 Am. Rep. 730, 5 N. E. 347].) When no substantial benefit would inure to the plaintiff, it will not be continued merely to try the abstract title to the office. (*State* v. *Porter,* 58 Iowa, 19 [11 N. W. 715]; *Hurd* v. *Beck,* (Kan.) 45 Pac. 92; *Osterhous* v. *Van Duren,* 168 Mich. 464 [Ann. Cas. 1913C, 1302, 134 N. W. 456]; *State* v. *Taylor,* 12 Ohio St. 130.) ██ Respondents, so far as this proceeding is concerned, no longer usurping their offices, cannot be said to hold them illegally as alleged, and their ouster becomes an unnecessary act which abates the appeal.

·

The validity of their acts during incumbency was attacked in the briefs and during argument of counsel, but the vitiation of their proceedings, otherwise than as above stated, was not within the scope of the pleadings. An appellate court will not decide matters which are not within the issues as presented below. (*State* v. *Kenosha Elec. R. Co.,* 145 Wis. 337 [129 N. W. 600]; *People ex rel. Hicks* v. *Stewart,* 132 Cal. 283 [64 Pac. 285].) We are therefore not authorized to disturb the ruling of the trial court. (*People ex rel. Bledsoe* v. *Campbell,* 138 Cal. 11 [70 Pac. 918].)

The judgment is affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.,* concurred.