[Civ. No. 9818.  First Appellate District, Division Two.—July 16, 1935.]

WILLIAM GURTZ et al., Respondents, v. CITY OF SAN BRUNO (a Municipal Corporation) et al., Appellants.

R. A. Rapsey, J. W. Coleberd and H. W. Call for Appellants.

A. J. Scampini, J. A. Pardini and Walter E. Hettman for Respondents.

SPENCE, J.—Plaintiffs, as residents and taxpayers of the City of San Bruno, brought this action seeking to have declared null and void a certain contract granting to defendant Louis Tournahu an exclusive franchise for the removal of garbage in said City of San Bruno.  The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiffs, defendants appeal.

The City Council of the City of San Bruno adopted "An ordinance defining garbage and rubbish and providing for the keeping, collection, removal and disposal thereof and for making contract granting exclusive franchise with relation thereto".  Thereafter sealed proposals were invited for the awarding of an exclusive franchise.  By resolution of the city council, defendant Louis Tournahu was awarded an ex-

clusive five-year franchise in accordance with his bid or proposal theretofore submitted. Pursuant to said proceedings, the contract was made with said defendant. Plaintiffs' attack upon said contract was based solely upon the failure of the city council to comply with the terms of the so-called Broughton Act (Stats. 1905, p. 777) in granting said franchise. Said act is entitled, "An act providing for the sale of street railroad and other franchises in counties and municipalities, and providing conditions for the granting of such franchises by legislative or other governing bodies and repealing conflicting acts". It provides that, "Every franchise or privilege to erect or lay telegraph or telephone wires . . . or to exercise any other privilege whatever . . . shall be granted upon the conditions in this act provided, and not otherwise".

Defendants admitted that the conditions of said act had not been complied with but contended first, that said act did not apply to the granting of the contract under attack and second, that if the act did apply, plaintiffs could not maintain their action as the exclusive remedy was in *quo warranto*. (Code Civ. Proc., sec. 803.) The trial court found and concluded that the contract constituted a franchise or other privilege within the meaning of the Broughton Act, that said act had not been followed, and that plaintiffs were entitled to judgment declaring said contract null and void.

Defendants again raise the same contentions on this appeal but we believe it is only necessary to consider the second contention above mentioned. ■ We say this for the reason that the judgment in plaintiffs' favor can stand only in the event that it is determined first, that the contract was null and void and second, that plaintiffs were entitled to maintain an action to have said contract declared null and void. We may assume, without deciding, that plaintiffs are correct in their claim that the contract constituted a franchise within the meaning of the Broughton Act and was null and void because of the failure to comply with the conditions set forth in said act. Plaintiffs cite *People* v. *Board of Supervisors,* 122 Cal. 421 [55 Pac. 131], in support of this proposition. But if this be true, we are of the opinion that the validity of such contract could not be questioned in an action by private persons. It appears entirely clear that the city coun-

cil had authority to grant such a franchise and that the most that may be said is that it erred in exercising that authority. As was said in *Truckee & Tahoe Turnpike Road Co.* v. *Campbell,* 44 Cal. 89, at page 91, "The authority of the Board being conceded, the question whether the Board erred in its exercise cannot be raised by a private person; and clearly the inquiry will not be entertained in a collateral proceeding. A grant of such a franchise by a Board of Supervisors, has the same standing in respect to its validity, the presumptions in its favor, and the mode in which it may be attacked, as a grant of any other right, privilege, or thing made by any department of the government under the authority of law. And the rule in all such cases, is that the grant is not liable to be attacked by a private person, or in a collateral proceeding, for mere error in the exercise of the authority to make the grant." We are of the opinion that if the contract granting the exclusive franchise was void, the exclusive remedy was in *quo warranto* as contended by defendants. (22 Cal. Jur. 210, sec. 8.)

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 15, 1935.