[Civ. No. 10231. First Appellate District, Division Two.—April 2, 1937.]

THE PEOPLE ex Rel. FRED W. BOOLE, Appellant, v. NORTHWESTERN PACIFIC RAILROAD CO. (a Corporation) et al., Respondents.

SPENCE, J.—This action was brought on relation of Fred W. Boole, a resident and taxpayer of the city of Belvedere. It is described by plaintiff as a *quo warranto* proceeding under the provisions of section 803 of the Code of Civil Procedure to cancel a franchise for ''non-user and abandonment''. A demurrer to the amended complaint was sustained without leave to amend and from the judgment entered in favor of defendants, plaintiff appeals.

The particular franchise referred to in the amended complaint was granted in 1924 by the board of supervisors of the city and county of San Francisco. It was embraced in ordinance No. 6244 (new series) and granted the right to operate a ferry from San Francisco to Tiburon in Marin County.

The amended complaint alleged ''That said defendants have not, nor have either of them, ever used said franchise granted May 19th, 1924, for rendering to the public any service in the way of ferry transportation between said San Francisco and said Tiburon; that said defendants have not, nor have either of them, within ten years last past, rendered, under any franchise or franchises now held by them, or either of them, any service between San Francisco, Belvedere and/or Tiburon.'' The foregoing allegations would indicate a ''non-user'' or ''abandonment'' of said franchise, but there were further allegations contained in said amended complaint which conflicted with, or at least modified, the foregoing allegations. It was alleged that ''defendants, and each of them, are and at all times herein mentioned have been corporations . . . authorized to engage in, and actually engaged in the transportation of persons and property by ferry between the City and County of San Francisco and points in Marin County, Cali-

fornia, particularly Sausalito, Belvedere and Tiburon''. It was further alleged that defendants had theretofore operated and were then operating boats on two round trips per day between San Francisco and Tiburon. Then followed allegations that said boats were operated solely as a ''sham and pretense'' for the purpose of holding defendants' franchises.

The demurrer to said amended complaint was both general and special. It set forth in particular that said amended complaint did not state sufficient facts in that it was alleged therein that defendants were actually engaged in the transportation of persons and property between San Francisco and Tiburon and that therefore the determination of the adequacy of the service was within the exclusive jurisdiction of the railroad commission.

The briefs of the parties have narrowed the issues on this appeal. It is conceded therein that the superior court has jurisdiction to cancel a franchise under certain circumstances and that while the railroad commission has jurisdiction to determine whether the service actually rendered under a franchise is adequate and, if not, to require adequate service, said commission has no jurisdiction to cancel a franchise under any circumstances. It is further conceded that the courts may take judicial notice of the decisions of the railroad commission. Among said decisions is that of *Marvelous Marin et al. v. Southern Pacific Golden Gate Ferries, Ltd.*, 36 Cal. Railroad Com. 536, decided in 1931. The petition therein was for an order directing the Southern Pacific Golden Gate Ferries, Ltd., one of the defendants herein, to increase the ferry service between San Francisco and Tiburon upon the ground that the service being rendered was inadequate. It appears from said decision that defendants were then operating two round trips per day between said points and that the territory of Tiburon and Belvedere and vicinity had a population of approximately 1,000 inhabitants. Said petition was denied. It may also be deemed conceded that the ordinance granting the franchise in question contained no provision regarding the frequency of the service to be rendered thereunder.

■ In our opinion, the trial court did not err in sustaining defendants' demurrer to the amended complaint without leave to amend. It affirmatively appeared from the allegations of said amended complaint that the defendants had been and were actually operating boats and rendering some service

under said franchise despite other allegations of the amended complaint which were based upon the plaintiff's conclusion that the service rendered was a sham and pretense and in fact no service at all because of its claimed inadequacy. But since 1912, exclusive jurisdiction has been vested in the railroad commission to determine the adequacy of service actually being rendered under a franchise by any public utility within the purview of the Public Utility Act. (Const., art. XII, secs. 22, 23; Public Utilities Act, Deering's General Laws, Act 6386.) We therefore conclude that when the amended complaint affirmatively showed that some service had been and was actually being rendered under the franchise, said amended complaint was insufficient to state a cause of action for the cancellation of said franchise upon the theory of "non-user and abandonment" at least in the absence of further allegations showing a decision of the railroad commission determining that the service rendered was inadequate. No such showing was made here, but, on the contrary, the decision in *Marvelous Marin et al.* v. *Southern Pacific Golden Gate Ferries, Ltd., supra,* showed that said commission had determined otherwise. Attention should again be called to the fact that when the allegations of the amended complaint are taken as a whole, they do not present a situation showing that no service whatever had ever been rendered under the franchise or a situation where service previously rendered had been wholly abandoned either with or without the authorization of the railroad commission.

Plaintiff cites and relies upon *People* v. *Sutter Street Ry. Co.,* 117 Cal. 604 [49 Pac. 736], but it is sufficient to point out that said case is not applicable under the facts before us as it was decided in 1897 and before the adoption of the present constitutional provisions creating the railroad commission and before the enactment of said Public Utilities Act. No authorities directly in point have been called to our attention, but there are authorities from other jurisdictions which lend support to the views expressed herein. (*State* v. *Cincinnati & L. E. R. Co.,* 128 Ohio St. 95 [190 N. E. 224]; *Lakeshore Elec. Ry. Co.* v. *State,* 125 Ohio St. 81 [180 N. E. 540]; *Village of Lowellville* v. *East End Traction Co.,* 33 Ohio App. 523 [169 N. E. 831].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27. 1937.