[Civ. No. 37323. First Dist., Div. One. Mar. 23, 1976.]

CITIZENS UTILITIES COMPANY OF CALIFORNIA, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

400

**COUNSEL**

Heller, Ehrman, White & McAuliffe, Weymen I. Lundquist and J. C. Bensick for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Joanne Condas Rabin, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**MOLINARI, P. J.**—Petitioner seeks a writ of prohibition restraining respondent court from entertaining a quo warranto action brought against petitioner by the People of the State of California.

In the subject action the People pray for a judgment declaring that petitioner be declared to be unlawfully holding and exercising a franchise to construct, operate and maintain a water system serving Niles-Decoto and vicinities and ordering that petitioner be excluded and ousted from the exercise of said franchise. Petitioner demurred to the

People's complaint asserting that respondent court lacked subject matter jurisdiction. The demurrer was overruled.

Petitioner and its predecessor have operated a privately owned public water utility in the Niles-Decoto area of Alameda County since 1909 under a franchise established pursuant to article XI, section 19, of the California Constitution as then in effect. Since 1911 the utility has been subject to the jurisdiction of the Railroad Commission and its successor, the Public Utilities Commission (hereafter also referred to as "the Commission").

For several years petitioner has had difficulty in limiting the mineral content of its water. The water it delivers to its customers is sometimes discolored and malodorous. However, it is bacteriologically pure and not a health hazard.

The Commission has considered the quality of petitioner's water in passing upon petitioner's applications for rate increases. (See 70 P.U.C. 798, 830 (Mar. 24, 1970).) On February 29, 1972, the Commission filed its Decision No. 83855, which contains a long discussion of the adequacy of petitioner's water service. This decision orders petitioner to report to the Commission within three months on "the cost of treatment to remove the iron and manganese from its water supply."

Petitioner's latest applications for rate increases (Applications Nos. 54960 and 53178) are presently before the Commission, which held hearings on the applications from February 4, 1975, to February 10, 1975. On February 4, 1975, the Commission heard the testimony of Morgan Stewart, a supervising sanitary engineer for the State Department of Public Health, who gave a detailed account of the quality of the water furnished by petitioner and told how petitioner could improve the water's quality.

On March 27, 1975, the Director of the Department of Public Health (hereafter "the Director") issued his findings and order resulting from an investigation of petitioner's water. He found that the mineral content of the water was above the maximum permissible levels set by the State Department of Public Health (hereinafter "the Board"), and ordered petitioner to cease using certain wells and to supply him with a plan for compliance with the Board's standards. In response, petitioner submitted to the Director a proposed plan of compliance setting forth its willingness to implement the known alternatives for reducing the

mineral content of its water. It stated, however, that it believed that the Director's order exceeded the powers granted to the Department of Public Health by sections 4010-4035 of the Health and Safety Code.[1]

On May 14, 1975, the Attorney General filed the quo warranto action which forms the basis for the instant petition. An alternative writ of prohibition was issued by this court on August 28, 1975. During the pendency of these proceedings the Commission, on September 16, 1975, issued its Decision No. 84903, which, in pertinent part, provides:

"This Commission is gravely concerned about the quality of water service provided in the Niles-Decoto district, and we propose to test our own jurisdiction, if necessary, in pursuit of a remedy. . . . [W]e reopen this proceeding for the purpose of determining whether there is a short-term solution whereby persons in that district can be furnished satisfactory water and if so, the procedure for accomplishing that result. . . ." The proceeding ordered reopened is petitioner's Application No. 54960 for a rate increase. The decision directs that hearings be held for the purpose of considering "(a) Whether there are alternative sources of water supply; (b) Terms and conditions under which alternative sources may be made voluntarily available; (c) Legal remedies whereby suppliers of alternative sources may be compelled to furnish water to the applicant."

The issues presented are whether a quo warranto action can be justified as a permissible means of obtaining enforcement of the findings and order of the Director and, if so, whether respondent court is precluded from assuming jurisdiction because the Commission has acted with respect to the subject matter of the quo warranto action.

Petitioner contends that Health and Safety Code section 4028[2] is the exclusive means by which effectuation order of the Director may be obtained. A perusal of section 4028[3] discloses that the only remedy for

---

[1] Petitioner has since challenged the validity of the Director's order by the filing of an action in the superior court.

[2] Unless otherwise indicated, all statutory references hereinafter · made are to the Health and Safety Code.

[3] Section 4028 provides: "After 60 days from the date of first notification by the department, as provided in Section 4027, that the quality of domestic water fails to comply with the standards or requirements established by the department and the person who furnishes or supplies the water fails to bring the water system or drinking water into compliance or fails to have a reasonable plan for bringing the water system and the drinking water into compliance, the department shall bring an action in the superior

failure to comply with the standards or requirements of the Board is the issuance of a cease and desist order preventing any new service connection by a supplier of water until such times that the standards or requirements are met. Section 4028 does not provide for a cease and desist order with respect to existing service. We here note that section 4022 provides for the revocation or suspension of a permit where the Board determines that the water being supplied or furnished is impure, unwholesome, or unpalatable or endangers or will endanger the lives or health of human beings; that noncompliance with the standards or requirements of the Board is a misdemeanor (§§ 4027, 4032); and that a person who supplies water without an unrevoked permit is guilty of a misdemeanor (§ 4032) and may be enjoined by a court at the suit of the Board (§ 4035).[4]

We do not perceive the remedies provided by the Health and Safety Code to be exclusive. Although the statutory proceeding in the nature of quo warranto generally affords the exclusive remedy as to matters coming within its scope (see *Barendt* v. *McCarthy,* 160 Cal. 680, 683-687 [118 P. 228]; *Visnich* v. *Sacramento County Bd. of Education,* 37

---

court where such person shall be required to establish that he is not in violation of these requirements or that he has a reasonable plan for bringing the water system and the drinking water into compliance. If this is not established, a cease and desist order shall be issued to prevent any new service connection by such person until such time that the standards or requirements are met. [¶] If a reasonable plan is established, but is not being complied with, the department shall request that the court review the person's actions. If the court determines that the plan is not being complied with, a cease and desist order shall be issued as described above. [¶] An action brought pursuant to this section shall take special precedence over all other civil matters on the calendar of the court except those matters to which equal precedence on the calendar is granted by law."

[4]We also take cognizance of sections 4010.1, 4011, 4018, 4019, and 4022. Section 4010.1, in pertinent part, provides that the "Board" (State Department of Public Health (§ 22)) "may prescribe reasonable and feasible action to be taken by such persons [the suppliers of water] or the consumers to insure that their domestic water will not be injurious to health."

Section 4011 provides that "No person shall furnish or supply water to a user for domestic purposes from any source of water supply, unless he first files a petition for permission so to do with the board and receives a permit . . . ." (See § 4021.)

Section 4018 provides: "The board may order such repairs, alterations, or additions to the existing plant, works, or system as to insure that the water furnished or supplied shall at all times be pure, wholesome, and potable and without danger to the lives or health of human beings."

Section 4019 provides: "The board may order such changes in the source of the water supply or in the installation of purification and refining works and such other measures as shall insure a continuous supply of pure, wholesome, and potable water without danger to the lives or health of human beings."

Section 4022 provides: "Any permit issued may be revoked or suspended by the board at any time if it determines that the water being supplied or furnished by the permittee is or may become impure, unwholesome, or unpotable or endangers or will endanger the lives or health of human beings."

Cal.App.3d 684, 690 [112 Cal.Rptr. 469]; *Gurtz* v. *City of San Bruno,* 8 Cal.App.2d 399, 400-401 [48 P.2d 142]), the availability of other remedies does not preclude the statutory proceeding in the nature of quo warranto. (See *Powers* v. *Hitchcock,* 129 Cal. 325, 326-327 [61 P. 1076].)

The authority for a quo warranto action is found in Code of Civil Procedure section 803. This statute, in pertinent part, provides: "An action may be brought by the attorney-general, in the name of the people of this state, upon his own information, or upon a complaint of a private party, . . . against any corporation, . . . which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state. . . ."

The procedure outlined in Code of Civil Procedure section 803 was originally enacted in 1872. No constitutional provision, statute or decision has been called to our attention which prohibits its exercise. It is not apparent that the Legislature intended to repeal by implication the Attorney General's quo warranto authority in matters involving the forfeiture of the franchise of a privately owned public utility by the later and recent enactment of section 4028 or any of the other statutes providing for sanctions with respect to the failure to furnish or supply pure, wholesome or palatable water.[5] The pertinent statutes in the Health and Safety Code are not inconsistent with the provisions of Code of Civil Procedure section 803, and even if they were, we would be bound to maintain the integrity of both statutes if they may stand together. (*Warne* v. *Harkness,* 60 Cal.2d 579, 587-588 [35 Cal.Rptr. 601, 387 P.2d 377]; *Penziner* v. *West American Finance Co.,* 10 Cal.2d 160, 176 [74 P.2d 252].) It is well settled that there is a presumption against repeal by implication and that in order for such a presumption to be overcome the two acts must be irreconcilable, clearly repugnant, and so inconsistent as to prevent their concurrent operation. (*Warne* v. *Harkness, supra,* at p. 588; see *Lorraine* v. *Long,* 6 Cal. 452, 453.) Such is not the case here.

We here note that the remedy by quo warranto is concurrent with that provided by Corporations Code section 4690 whereby the Attorney General is authorized to bring an action to dissolve and forfeit the existence of a corporation that has seriously offended against a provision of the statutes regulating corporations, has fraudulently abused or usurped corporate privileges or powers, or has violated any provision of law by any act or default that is a ground of forfeiture of corporate existence.

---

[5]Section 4028 was added in 1970. (Stats. 1970, ch. 1378, § 3.)

Code of Civil Procedure section 803 enjoins on the Attorney General the duty of bringing actions for the forfeiture of corporate franchises whenever he has reason to believe they are unlawfully held or exercised. (*Havemeyer* v. *Superior Court,* 84 Cal. 327, 376 [24 P. 121]; see *People* v. *City of Riverside,* 66 Cal. 288, 289 [5 P. 350].) ■ Primarily, the remedy of quo warranto belongs to the state, in its sovereign capacity, to protect the interests of the people as a whole and guard the public welfare. (*City of Campbell* v. *Mosk,* 197 Cal.App.2d 640, 648 [17 Cal.Rptr. 584].) It is a preventative remedy addressed to preventing a continuing exercise of an authority unlawfully asserted rather than to correcting what has already been done under that authority. (See *People* v. *Muehe,* 114 Cal.App. 739, 740 [300 P. 829].)

Accordingly, quo warranto has been held to be the proper remedy by which a state may proceed to oust a corporation of its franchise rights, notwithstanding the fact that the corporation might be punished by an assessment of the penalty provided by law in a criminal prosecution. (See *Commonwealth* v. *American Baseball Club of Philadelphia,* 290 Pa. 136, 147 [138 A. 497, 500, 53 A.L.R. 1027]; *State* v. *Standard Oil Co.,* 218 Mo. 1, 351 [116 S.W. 902, 1010, affd. 224 U.S. 270 (56 L.Ed. 760, 32 S.Ct. 406)]; *State* ex rel. *Atty. General* v. *Capital City Dairy Co.,* 62 Ohio St. 350, 366-367 [57 N.E. 62, 65-66, affd. 183 U.S. 238 (46 L.Ed. 171, 22 S.Ct. 120)].) In *Capital City Dairy* it was held that quo warranto may properly be invoked to oust a corporation of its franchise where such corporation, licensed by the state to manufacture and sell oleomargarine, conducts its business in disregard and defiance of the laws of the state relating to that business. (At p. 367.) The court observed that the fact that the corporation could have been punished by fine under the criminal laws was not a bar to a proceeding in quo warranto to oust the corporation of its right to do business. (At p. 367.)

■ We observe, moreover, that by the enactment of Public Utilities Code section 6016[6] the Legislature has given specific authorization to the Attorney General to sue for the forfeiture of any franchise issued by a local government for noncompliance with any condition thereof.[7]

---

[6]Public Utilities Code section 6016 provides: "The Attorney General, upon the complaint of any county or municipality, or, in his discretion, upon the complaint of any taxpayer, shall sue for the forfeiture of any franchise granted under this article, for the noncompliance with any condition thereof."

[7]The People did not bring the instant action under Public Utilities Code section 6016 but under Code of Civil Procedure section 803. Section 6016 applies to franchises by local governments. (Pub. Util. Code, § 6001 et seq.) Petitioner's franchise is a state-conferred franchise and was granted at a time antedating the incorporation of the cities within the territory of petitioner's franchise.

We conclude, therefore, that quo warranto may properly be invoked to oust petitioner of its franchise upon a cause of action alleging that it is furnishing to consumers water that has become impure, unwholesome and unpotable. Our immediate inquiry is whether respondent court has subject matter jurisdiction to entertain the quo warranto action because the matter is primarily one within the jurisdiction of the Commission.

Petitioner contends that under the laws and Constitution of this state, the Commission has exclusive jurisdiction over the subject matter of the action. This is so, petitioner asserts, either because the Commission has exclusive jurisdiction over the matter, or because, having concurrent jurisdiction with the superior court, the Commission has acted to preclude the superior court from exercising its jurisdiction.

We observe, initially, that neither the Constitution nor the Legislature has expressly divested the superior court of its entire jurisdiction in cases affecting public utilities. (*Truck Owners etc., Inc.,* v. *Superior Court,* 194 Cal. 146, 152 [228 P. 19]; *Product Research Associates* v. *Pacific Tel. & Tel. Co.,* 16 Cal.App.3d 651, 655 [94 Cal.Rptr. 216]; *Vila* v. *Tahoe Southside Water Utility,* 233 Cal.App.2d 469, 477 [43 Cal.Rptr. 654].) Accordingly, it has been judicially recognized that in certain cases and as to certain problems relating to public utilities the jurisdiction of the commission is exclusive and that as to other matters the regular law courts have jurisdiction. (*City of Oakland* v. *Key System,* 64 Cal.App.2d 427, 434-435 [149 P.2d 195].) "In between these two well-defined fields there is a somewhat ill-defined field in which the law courts have jurisdiction unless the commission has elected to act as to the particular subject matter." (*City of Oakland* v. *Key System, supra,* at p. 435.) Once the commission has assumed jurisdiction over a public utility for the purpose of administering the law applicable to the activities of the utility, the commission has exclusive jurisdiction over the regulation and control of such utility subject only to review by the Supreme Court. (*Pacific Tel. & Tel. Co.* v. *Superior Court,* 60 Cal.2d 426, 430 [34 Cal.Rptr. 673, 386 P.2d 233]; *Miller* v. *Railroad Commission,* 9 Cal.2d 190, 195-196 [70 P.2d 164, 112 A.L.R. 221].)

 We do not perceive the instant case to be one in which jurisdiction is exclusively with the Commission. The superior court has jurisdiction to cancel a franchise under certain circumstances and the Commission has no jurisdiction to cancel a franchise under any circumstance. (*People* v. *Northwestern Pac. R. Co.,* 20 Cal.App.2d 120,

122 [66 P.2d 697].) The instant case is one in which the law courts have jurisdiction unless the Commission has elected to act as to the particular subject matter and that, if it has elected so to act, the exercise of such jurisdiction by the Commission ousts respondent court of any jurisdiction assumed by it.

Petitioner does not dispute that the Commission lacks jurisdiction to cancel a franchise but contends that the right to cancel its franchise in the instant case is dependent upon a finding by the Commission that petitioner's service is inadequate, a determination solely within the province of the Commission. This contention is without merit. As already pointed out a franchise may be cancelled or terminated because a utility authorized to furnish and supply water under a franchise is furnishing to consumers water that has become impure, unwholesome and unpotable. The Commission itself has recognized that "The question of the healthful quality of the water is one to be passed on by the State Board of Health." (*Pool* v. *Mokelumne River Power & Water Co.,* 15 C.R.C. 38, 39.) But this does not mean that the Commission is divested of jurisdiction to determine that the service rendered by a water utility is inadequate upon a proper showing before it that water furnished to consumers by the utility is impure, unwholesome and unpotable. We think it is indisputable that if a water utility furnishes impure, unwholesome and unpotable water, such utility is rendering inadequate service to the consumers.

Our inquiry, then, is whether the Commission *has acted* in reference to petitioner by assuming jurisdiction over it for the purpose of administering the law applicable to the activities of petitioner. In this regard we observe that the jurisdiction to determine adequacy of service actually being rendered by a public utility under its franchise is vested exclusively in the Commission when it has elected to determine whether the service is adequate. (See *People* v. *Northwestern Pac. R. Co., supra,* 20 Cal.App.2d 120, 123.) Not only has this principle been judicially recognized but it is specifically provided for and authorized in Public Utilities Code section 761.[8]

---

[8]Public Utilities Code section 761 provides as follows: "Whenever the commission, after a hearing, finds that the rules, practices, equipment, appliances, facilities, or service of any public utility, or the methods of manufacture, distribution, transmission, storage, or supply employed by it, are unjust, unreasonable, unsafe, improper, inadequate, or insufficient, the commission shall determine and, by order or rule, fix the rules, practices, equipment, appliances, facilities, service, or methods to be observed, furnished, constructed, enforced, or employed. The commission shall prescribe rules for the performance of any service or the furnishing of any commodity of the character

*Northwestern Pac. R. Co.* and *City of Oakland* are two cases bearing on the question presented here. Each involved a quo warranto action. In *Northwestern Pac. R. Co.* a quo warranto proceeding was brought to cancel a franchise for "non-user and abandonment." A demurrer was sustained without leave to amend. In affirming the judgment entered upon the sustaining of the demurrer the reviewing court did so upon the basis that exclusive jurisdiction vested in the commission to determine the adequacy of service actually being rendered under the franchise. The holding was predicated upon allegations that the complaint affirmatively showed on its face that some service was actually being rendered under the franchise. (20 Cal.App.2d at pp. 122-123.)

In *City of Oakland* a quo warranto proceeding was brought to declare forfeited by abandonment and nonuse a franchise to maintain facilities and a railroad over tidelands. The trial court determined upon a submission of the pleadings and stipulated facts that the use of the property (subject matter of the first cause of action) was a matter primarily within the jurisdiction of the commission. The reviewing court reversed that portion of the judgment that plaintiff take nothing by its first cause of action upon the basis that it was not alleged that any service was being rendered and where the commission had not assumed jurisdiction over any related question germane to the operation of the utility company. (64 Cal.App.2d at pp. 435-436.) The appellate court made the following observations: "Questions of public convenience and necessity, and matters directly relating thereto, in connection with the operation of public utility franchises, are the concern of the commission; legal disputes pertaining to a continuance or cancellation of a franchise at the end of its designated period are solely within the jurisdiction of the courts. The cancellation of a franchise during the term of its existence for a cause specified therein is primarily a legal question and must be decided by the courts, but if convenience of the public is involved and continued operation is necessary, such interest may be paramount to the rights of the parties to the franchise, in which case the jurisdiction of the ... Commission is dominant and controlling. A restriction or limitation in one case may not apply under the facts of another." (At p. 434.)

The reviewing court in *City of Oakland* observed, further, that in the case before it the superior court could enter a valid and binding judgment if the commission should not assume jurisdiction upon a

---

furnished or supplied by any public utility, and, on proper demand and tender of rates, such public utility shall furnish such commodity or render such service within the time and upon the conditions provided in such rules."

related question germane to the utility company, but that if the commission assumed such jurisdiction the superior court should cease the determination of a question of fact since an order and determination by the commission would be binding upon the courts. (At p. 438.) In its decision the appellate court directed that if the commission should take action the superior court proceeding should be held in abeyance until the matter is determined by that body. (At p. 442.)

In the present case it is clear that the Commission has assumed jurisdiction upon a related question germane to the operation of petitioner utility company and that it has acted on the particular question which is the subject of the quo warranto action. The matter upon which the Commission has assumed jurisdiction is cognate and germane to the regulation of public utilities.

We observe that there are presently before the Commission applications by petitioner for rate increases and that in connection with such applications the Commission considered the quality of the water furnished by petitioner. Subsequent to the filing of the instant action the Commission issued its decision in which it stated that it was concerned with the quality of water service provided in the district served by petitioner and that it was reopening the rate increase proceeding for the purpose of determining whether there is a short term solution whereby persons in the district can be furnished satisfactory water and, if so, the procedure for accomplishing that result. It is conceded that we may take judicial notice of the decisions of the Commission. (See *Pellandini* v. *Pacific Limestone Products, Inc.,* 245 Cal.App.2d 774, 776 [54 Cal.Rptr. 290]; *People* v. *Northwestern Pac. R. Co., supra,* 20 Cal.App.2d 120, 122.) The decision directs that hearings be held for the purpose of considering whether there are alternate sources of water supply and whether suppliers of alternate sources may be compelled to furnish water to petitioner. This decision clearly indicates that the Commission is concerned with the convenience of the water-consuming public in the Niles-Decoto district and the continuance of petitioner's operation in providing potable water to such consumers. In sum, the Commission has assumed jurisdiction upon a question germane to the operation of petitioner, i.e., the adequacy of water service to consumers in petitioner's district.

Following oral argument on this appeal petitioner requested that we take judicial notice of two letters which were received into evidence before the Commission during the course of hearings held by the

Commission pursuant to its order reopening the rate increase proceeding. The purpose of presenting these letters to us is to demonstrate that the Attorney General's motivation in bringing the quo warranto action was not to assure that the consumers in the area served by petitioner receive pure, wholesome and potable water but to forestall capital expenditures by petitioner in the improvement of its facilities which would add value to petitioner's system in pending condemnation proceedings. We decline to take judicial notice of these letters. They are not part of any decision of the Commission. (See Evid. Code, §§ 451, 452, 459.) Moreover, we deem the letters irrelevant to the issue presented to us which involves the question whether the superior court has jurisdiction over the subject matter of the instant quo warranto action and, if it does, whether it may now continue to exercise such jurisdiction.

The request to take judicial notice is denied. Let a peremptory writ of prohibition issue restraining and prohibiting respondent court from taking any further proceedings in the action entitled "The People of the State of California v. Citizens Utilities Company of California," civil action No. 464534-2, pending in the Superior Court of the State of California for the County of Alameda, until the Public Utilities Commission has determined the matter presently before it pursuant to its order in Decision No. 84903 reopening the proceeding in Application No. 54960.

Sims, J., and Elkington, J., concurred.