`                    TO BE PUBLISHED IN THE OFFICIAL REPORTS

                        OFFICE OF THE ATTORNEY GENERAL
                              State of California

                              DANIEL E. LUNGREN
                               Attorney General

_____

| | |
|---|---|
| OPINION | : |
| | :    No. 90-942 |
| of | : |
| | :    <u>MARCH 6, 1991</u> |
| DANIEL E. LUNGREN | : |
| Attorney General | : |
| | : |
| ANTHONY S. DaVIGO | : |
| Deputy Attorney General | : |
| | : |

_____

          BEVERLY EASTLAND, JOHN E. WEIKS, and PALOMAR POMERADO
HEALTH SYSTEM, a local hospital district organized under The Local Hospital District Law
("relators"), have requested this office to grant leave to sue NANCY H. SCOFIELD ("defendant")
in quo warranto pursuant to section 803 of the California Code of Civil Procedure. Relators contend
that defendant's election to public office, to wit: member of the board of directors, Palomar
Pomerado Health System, was invalid.


                                CONCLUSION

          It is concluded that leave to sue should be DENIED.


                        CRITERIA FOR QUO WARRANTO

          In deciding whether to grant leave to sue in the name of the people of the State of
California, we consider the following fundamental precepts which provide the basis for this analysis:
leave will be granted where there is a substantial question of law or fact which requires judicial
resolution, *and* where the action in quo warranto would serve the overall public interest of the
people of this state. (72 Ops.Cal.Atty.Gen. 15, 19 (1989).)

                              MATERIAL FACTS

          Defendant was one of twelve candidates in the November 6, 1990 election to fill four
vacancies on the board of directors of the hospital district. Based on information provided by
defendant, her ballot occupational designation, which is limited by law to three words (Elec. Code,
§ 10211, subd. (a)(3)), was listed as "Nurse/Community Volunteer." Defendant neither is nor had
been licensed or certified as a *registered* nurse, *graduate* nurse, nurse *anesthetist*, or *professional*
nurse under the provisions of the Nursing Practice Act. (Bus. & Prof. Code, § 2796.) However,
defendant is certified under other provisions of law as a nursing assistant (Health & Saf. Code, §

                                    1.                                    90-942

1337) and as a home health aide authorized to provide personal care services to patients in the home under a plan of treatment prescribed by a physician (Health & Saf. Code, § 1727).

Defendant was elected to one of the vacancies on the board of directors. Relators allege that defendant fraudulently falsified her occupational designation in order to mislead, and that she did in fact mislead the district electors, and that she would not otherwise have been elected.

## PUBLIC INTEREST

It is well settled that the mere existence of a justiciable issue does not establish that the public interest requires a judicial resolution of the dispute or that leave automatically should be granted for the relator to sue in quo warranto. (*City of Campbell v. Mosk* (1961) 197 Cal.App.2d 640, 650.)

While the availability of alternative remedies does not preclude an action in quo warranto as a matter of law (*Citizens Utilities Co.* v. *Superior Court* (1976) 56 Cal.App.3d 399, 404-405), we have considered the existence of such alternatives in the context of the public interest (12 Ops.Cal.Atty.Gen. 340, 342 (1949)). Further, while postelection relief may be governed *either* by a quo warranto proceeding *or* by an action under section 20021 of the Elections Code (*Salazar* v. *City of Montebello* (1987) 190 Cal.App.3d 953, 957), we do not deem it within the public interest to try the same issues in multiple proceedings (73 Ops.Cal.Atty.Gen. 188, 190 (1990); 73 Ops.Cal.Atty. Gen. 109, 110 (1990).)

On December 4, 1990, relators filed a Complaint for Declaratory and Injunctive Relief against defendant in connection with the matter which is the subject of this application for leave to sue. On December 20, 1990, relators filed against defendant an election contest pursuant to the provisions of sections 20021 and 20050 of the Elections Code based upon the allegations contained in this application for leave to sue. These actions, now consolidated in the Superior Court of San Diego County, are pending and unresolved. In addition, while no timely and remedial action was sought *prior* to the election under the provisions of sections 10015 and 10211 of the Elections Code, a *post* election application to the District Attorney for possible criminal violations has been lodged.

We are not persuaded that to burden the courts with still another action would be in the public interest. Accordingly, leave to sue is denied.

* * * * *