TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | |
|---|---|
| OPINION : | |
| : | No. 97-801 |
| of : | |
| : | October 17, 1997 |
| DANIEL E. LUNGREN : | |
| Attorney General : | |
| : | |
| ANTHONY Da VIGO : | |
| Deputy Attorney General : | |
| : | |

_____

MESA CONSOLIDATED WATER DISTRICT has requested this office to grant leave to sue in quo warranto upon the following question of fact or law:

Did the "de facto annexation" of an area known as Santa Ana Heights by the Irvine Ranch Water District Water Service Company, following its merger with the Santa Ana Heights Water Company which had previously served that area, without the approval of the Local Agency Formation Commission of Orange County and without a certificate of public convenience and necessity issued by the Public Utilities Commission, violate state law?

CONCLUSION

Granting leave to sue in quo warranto would not serve the public interest in determining whether the "de facto annexation" of an area known as Santa Ana Heights by the Irvine Ranch Water District Water Service Company, following its merger with the Santa Ana Heights Water Company which had previously served that area, without the approval of the Local Agency Formation Commission of Orange County and without a certificate of public convenience and necessity issued by the Public Utilities Commission violated state law.

PARTIES

MESA CONSOLIDATED WATER DISTRICT ("Mesa") contends that for the purpose of providing water service, IRVINE RANCH WATER DISTRICT ("District"), IRVINE RANCH WATER DISTRICT WATER SERVICE COMPANY, LLC ("Company"), et al., have unlawfully effected a "de facto annexation" of an area known as Santa Ana Heights, previously served by SANTA ANA HEIGHTS WATER COMPANY ("Santa Ana").

MATERIAL FACTS

Prior to June 20, 1997, Santa Ana, a mutual water company, provided water service to an area known as Santa Ana Heights, consisting of portions of the cities of Costa Mesa and Newport Beach, as well as portions of unincorporated territory in Orange County. Mesa, a county water district in Orange County, holds stock in Santa Ana and, pursuant to contract, has provided maintenance and operation of the Santa Ana Heights water system, meter reading, reservoir storage, and interconnections to the area continuously for more than 20 years.

On June 20, 1997, a supermajority of Santa Ana shareholders tendered their shares to the District and voted to merge with the Company, a new limited liability company, owned and controlled by the District. As a result of the merger and dissolution of Santa Ana, including the cancellation of its outstanding shares, the Company has completed its assumption and takeover of water services to Santa Ana Heights.

Mesa, relator herein, contends that the assumption and takeover of Santa Ana's services by the Company constitutes an unauthorized "de facto annexation" in that neither the District nor the Company secured the requisite approval of the merger by the Local Agency Formation Commission of Orange County ("LAFCO"), in violation of Government Code section 56133, or the requisite certificate of public convenience and necessity from the Public Utilities Commission ("Commission"), in violation of Public Utilities Code section 1001.

ANALYSIS

We first examine whether the disputed extension of services by a water company into an area previously served by another water company, after the companies had merged, without the approval of LAFCO or the Commission, is cognizable in an action in the nature of quo warranto. Code of Civil Procedure section 803 **Footnote No. 1** provides in part:

"An action may be brought by the attorney general, in the name of the people of this state, . . upon a complaint of a private party, . . against any corporation . . . which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state. . . ."

In its common currency, the terms "franchise" is used synonymously with the terms "right" or "privilege." (6 Ops.Cal.Atty.Gen. 37, 38 (1945); compare *People* v. *Volcano Canyon Toll-Road Co.* (1893) 100 Cal. 87 [franchise to collect tolls on public highway]; *People* ex rel. *Adams* v. *Oakland* (1891) 92 Cal. 611 [power of municipal corporation to tax inhabitants not within its territorial limits]; *People* ex rel. *Attorney General* v. *Dashaway Assn.* (1890) 84 Cal. 114 [misapplication of corporate funds to purposes not within franchise]; *People* ex rel. *Beltner* v. *City of Riverside* (1885) 66 Cal. 288 [franchise to operate as a municipal corporation]; *Citizens Utilities Co.* v. *Superior Court* (1976) 56 Cal.App.3d 399 [franchise to conduct water system]; *Gurtz* v. *City of San Bruno* (1935) 8 Cal.App.2d 399 [authority of a city to enter into contract for collection and disposal of garbage]; 6 Ops.Cal.Atty.Gen. 37, *supra*, [privilege of county housing authority to operate in city].)

While it would appear that a section 803 action in the nature of quo warranto would resolve the "de facto annexation" dispute in question, we note that such disputes are normally the subject of lawsuits not requiring the Attorney General's participation. With respect to the issue of whether LAFCO must approve the transaction between the District, Company, and Santa Ana, we look to provisions of the Cortese-Knox Local Government Reorganization Act of 1985 (Gov. Code, §§ 56000-57385) governing the authority of LAFCOs. Government Code section 56133 provides:

"A city or district may provide new or extended services by contract or agreement outside its jurisdictional boundaries only if it first requests and receives written approval from

the commission in the affected county. . . ."

Government Code section 56103 states:

"An action to determine the validity of any change of organization or reorganization completed pursuant to this division shall be brought pursuant to [sections 860-870] of the Code of Civil Procedure."

Government Code section 860 in turn provides:

"A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action in the superior court of the county in which the principal office of the public agency is located to determine the validity of such matter. The action shall be in the nature of a proceeding in rem."

Government Code section 863 additionally states:

"If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter. . . ."

Hence, we find that Government Code sections 860 and 863 provide a legal remedy to challenge the merger in question without the necessity of the Attorney General's granting of leave to sue in quo warranto.

With respect to the alleged requirement of Commission approval of the merger between Santa Ana and the Company, we note the provisions of Public Utilities Code section 1001:

"No . . . water corporation . . . shall begin the construction of . . . a line, plant, or system, or of any extension thereof, without having first obtained from the commission a certificate that the present or future public convenience and necessity require or will require such construction. . . ."

A violation of Public Utilities Code section 1001 may be presented to the Commission for resolution under the terms of Public Utilities Code section 1702:

"Complaint may be made . . . by any corporation or person . . . by written petition or complaint, setting forth any act or thing done or omitted to be done by any public utility, in violation or claimed to be in violation, of any provision of law. . . ."

Accordingly, a remedy is available for challenging the absence of a certificate of public convenience and necessity from the Commission that, again, does not require the Attorney General's granting of leave to sue in quo warranto.

From the pleadings filed before us, it appears that both administrative and judicial proceedings raising essentially the same issues of fact and law as herein presented, which are still pending, have been initiated by one or more of the interested parties to this proceeding. Where such alternatives have been undertaken, we do not deem it within the public interest to try the same issues in multiple proceedings. (75 Ops.Cal.Atty.Gen. 70, 74 (1992); 74 Ops.Cal.Atty.Gen. 31, 32 (1991); 12 Ops.Cal. Atty.Gen. 340, 342 (1949).)

Accordingly, the application for leave to sue in quo warranto is denied.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Code of Civil Procedure are by section number only.