TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-606 |
| of | : | |
| | : | October 21, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

BRIGIDA ABUYEN has requested this office to grant leave to sue in quo warranto upon the following question of fact or law:

Are the officers of the Filipino American Council of San Francisco usurping, intruding into, or are they unlawfully holding or exercising the franchise of the council?

CONCLUSION

Granting leave to sue in quo warranto would not serve the public interest in determining whether the officers of the Filipino American Council of San Francisco are usurping, intruding into, or unlawfully holding or exercising the franchise of the council.

PARTIES

BRIGIDA ABUYEN ("relator") contends that RICARTE NATIVIDAD, ROWENA HUTCHINSON, ART BUMANLAG, LEO GERTUS, CONNIE LEVITA, PILAR PAVON, JOHNNY TABIEN, and FELY BERNALDEZ ("defendants") are unlawfully serving as officers of the Filipino American Council of San Francisco ("Council").

MATERIAL FACTS

The Council is a nonprofit, public benefit corporation organized and existing under the laws of the State of California, whose purpose is to promote harmonious relations among its various member organizations serving the Filipino community in the San Francisco area.

At the Council's meeting on February 21, 1997, an election of officers was scheduled for March 8, 1997. As a result of the Council's proceedings on March 8, 1997, defendants claim to have been

elected to, and to have rightfully assumed and entered upon their respective offices as president, vice president, executive secretary, recording secretary, treasurer, assistant treasurer, auditor, and public relations officer of the Council, which they now continue to occupy.

Additional meetings were held on March 29, 1997, and April 19, 1997, neither of which was attended, nor the validity of which recognized, by defendants. It was voted by those present at these meetings that defendants be removed from their offices and replaced by relator and other members of her party.

Relator contends that the proceedings of March 8, 1997, violated the Council's bylaws, as well as provisions of the Corporations Code, and were therefore void, while defendants contend that the election proceedings of March 8, 1997, were in every respect lawful and valid.

ANALYSIS

We first examine whether a disputed election of corporate officers falls within the purview of an action in the nature of quo warranto. Code of Civil Procedure section 803 **Footnote No. 1** provides in part:

"An action may be brought by the attorney general, in the name of the people of this state, . . upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any . . . franchise . . . ."

In its common currency, the term "franchise" is used synonymously with the terms "right" or "privilege." (6 Ops.Cal.Atty.Gen. 37, 38 (1945); compare *People* v. *Volcano Canyon Toll-Road Co.* (1893) 100 Cal. 87 [franchise to collect tolls on public highway]; *People* ex rel. *Adams* v. *Oakland* (1891) 92 Cal. 611 [power of municipal corporation to tax inhabitants not within its territorial limits]; *People* ex rel. *Attorney General* v. *Dashaway Assn.* (1890) 84 Cal. 114 [misapplication of corporate funds to purposes not within franchise]; *People* ex rel. *Beltner* v. *City of Riverside* (1885) 66 Cal. 288 [franchise to operate as a municipal corporation]; *Citizens Utilities Co.* v. *Superior Court* (1976) 56 Cal.App.3d 399 [franchise to conduct water system]; *Gurtz* v. *City of San Bruno* (1935) 8 Cal.App.2d 399 [authority of a city to enter into contract for collection and disposal of garbage]; 6 Ops.Cal.Atty.Gen. 37, *supra*, [privilege of county housing authority to operate in city].)

While it would appear that a section 803 action in the nature of quo warranto would resolve the corporate election dispute in question, we note that such disputes are normally the subject of lawsuits not requiring the Attorney General's participation. Indeed we are aware of no case in which a disputed election of officers has given rise to an action by or on behalf of the Attorney General for the unlawful exercise of a private corporate franchise. The filing of a section 803 action in the nature of quo warranto is normally unnecessary.

Corporations Code section 5617 provides in part as follows:

"(a) Upon the filing of an action therefor by any director or member, or by any person who had the right to vote in the election at issue, the superior court of the proper county shall determine the validity of any election or appointment of any director of any corporation.

"(b) Any person bringing an action under this section shall give notice of the action to the Attorney General, who may intervene.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) The court . . . may determine the person entitled to the office of director or may

order a new election to be held . . . and may direct such other relief as may be just and proper."
**Footnote No. 2**

Here, we find that under the provisions of Corporations Code section 5617, relator may file a lawsuit in superior court challenging the validity of the Council's election proceedings held on March 8, 1997.

Although the availability of an alternative remedy does not preclude the filing of an action in the nature of quo warranto by the Attorney General as a matter of law (see *Citizens Utilities Co.* v. *Superior Court*, *supra*, 56 Cal.App.3d at 404-405), we have considered the existence of such alternatives in determining whether the issuance of leave to sue would serve the public interest. (75 Ops.Cal.Atty.Gen. 70, 74 (1992); 74 Ops.Cal.Atty.Gen. 31, 32 (1991); 12 Ops.Cal.Atty.Gen. 340, 342 (1949).) We have also considered the availability of adequate legal remedies in matters solely of private concern. Thus, in 9 Ops.Cal.Atty.Gen. 1, 2 (1947), we denied leave to sue, stating:

"The right to proceed in quo warranto is time honored, and the Attorney General is of the opinion that in exercising the powers vested in him he should give careful consideration to the question as to whether the leave to sue should issue in each case to the end that there will be presented to the courts actions brought in the name of the People of the State only in cases where such a course is the only one open to the proposed relator. In other words, in matters solely of private concern, it should be the policy to deny quo warranto in cases where there is adequate remedy otherwise available to the parties claiming to be aggrieved. *People* v. *Milk Producers*, 60 Cal.App. 439."

In our 1947 opinion, it was contended that one private corporation was encroaching upon the name and exclusive franchise of another. In the present matter, we have an even greater focus upon a private dispute between two factions within a private corporation. Under these circumstances, the filing of an action in the name of the People of the State of California would not serve the public interest.

Accordingly, the application for leave to sue in quo warranto is denied.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Code of Civil Procedure are by section number only. _____
**Footnote No. 2**
Under the Council's constitution and bylaws, the holders of the offices in question are directors of the Council.