Filed 1/27/16  Piercy v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID N. PIERCY,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>SANTIAGO RODRIGUEZ,<br><br>  Defendant and Respondent. | F070535<br><br>(Super. Ct. No. 14CECG02704)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Carlos A. Cabrera, Judge.

David N. Piercy, in propria persona, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

In May 2014, David N. Piercy (Piercy) applied for a civil harassment restraining order against Santiago Rodriguez (Rodriguez) under Code of Civil Procedure section 527.6.[1]  The trial court issued a temporary restraining order but subsequently denied the injunction after a hearing.  Piercy appealed that decision to this court.  Several months

---

[*] Before Levy, Acting P.J., Gomes, J. and Kane, J.

[1] Undesignated statutory references are to the Code of Civil Procedure.

later, Piercy filed a second request for a civil harassment restraining order against Rodriguez. The same judge who heard the first case denied his request for a temporary restraining order and petition for order to show cause after finding the petition stated the same case as the first, on which the appeal was pending.

On appeal from that order, Piercy contends the trial court erred in finding that the two cases are the same. He also contends that Rodriguez "abused" a restraining order that he obtained against Piercy in Los Angeles County Superior Court. Because Piercy has failed to demonstrate reversible error, we affirm the order.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Piercy and Rodriguez, who vehemently disagree over the events surrounding the Trayvon Martin case in Florida, used social media to argue about the trial and personally attack each other. In May 2014, Piercy filed a petition for a civil harassment restraining order against Rodriguez pursuant to section 527.6 in Fresno County Superior Court case number 14CECG01235. On May 5, 2014,[3] the trial court granted a temporary restraining order against Rodriguez, which was to remain in effect until the injunction hearing scheduled for June 2. Following the June 2 hearing, which was held before the Honorable Carlos Cabrera, Judge Cabrera denied Piercy's request for an injunction.

On June 13, Rodriguez filed a petition for a restraining order against Piercy in Los Angeles County Superior Court. On July 24, following a hearing on the petition, the trial court granted Rodriguez's request for an injunction.

---

[2] Rodriguez did not file a respondent's brief, but he did file a letter in which he stated that he was not participating in the appeal, would not be filing a responsive brief, and would not appear at any oral argument. Piercy filed a motion to strike the letter as not complying with the California Rules of Court, which we deferred ruling on. We now deny the motion, as we do not construe the letter as a respondent's brief and have not relied on it in reaching our decision.

[3] References to dates are to the year 2014, unless otherwise stated.

On September 15, Piercy filed a second petition for a restraining order against Rodriguez in Fresno County Superior Court case number 14CECG02704. Piercy alleged that Rodriguez harassed him by (1) widely distributing pornographic images of Piercy on Rodriguez's Twitter account, dated August 22 and September 2; and (2) publishing "harassing, defamatory, and libelous articles" on a WordPress website accusing him of obtaining and publishing Rodriguez's credit information, which accusation was "completely disproven" during the June 2 hearing in case number 14CECG01235. Piercy further alleged the pornographic images caused him significant emotional distress and led him to file a report with the Fresno Police Department.

Piercy attached the following exhibits to the petition: (1) copies of the pornographic images; (2) the report from the Fresno Police Department which states the investigation was closed after an officer advised Piercy to contact the police department where Rodriguez lived because the crime originated there; (3) the temporary restraining order issued against Rodriguez on May 5, in case number 14CECG01234; (4) the permanent restraining order issued against Piercy in the Los Angeles County case; (5) a copy of a website posting purportedly by Rodriguez; and (6) a copy of a Twitter post purportedly from Rodriguez's Twitter account showing Piercy's credit information.

In a written order issued on September 15, Judge Cabrera denied the request for a temporary restraining order on the ground that the same case was filed under case number 14CECG01235, in which the petition was denied, and Piercy had filed an appeal with this court, which had not yet been decided.[4]

## DISCUSSION

Piercy contends the trial court erred in denying his request for a temporary restraining order because his petition was based on "stalking and harassment" that

_____

[4] On June 26, 2015, we issued an unpublished opinion in the appeal from the order denying Piercy's first request for an injunction, *Piercy v. Rodriguez* (Jun. 26, 2015, F069752), in which we affirmed the order.

occurred after the trial court dissolved the prior temporary restraining order and denied his first petition.  He argues that because he alleged new acts of harassment, he should not have been precluded from obtaining a temporary restraining order merely because the appeal from his prior petition was pending before this court.

Section 527.6 authorizes persons who have suffered harassment to obtain a temporary restraining order and an injunction prohibiting harassment.  Section 527.6, subdivision (b)(3) defines "'[h]arassment'" as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  The statute states that "'[c]ourse of conduct' is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose."  (*Id.,* subd. (b)(1).)  In addition, an injunction is only proper where the harassment is likely to recur in the future.  (*Russell v. Douvan* (2003) 112 Cal.App.4th 399, 402 ["An injunction is authorized only when it appears that wrongful acts are likely to recur."].)

Granting or denying an injunction rests in the sound discretion of the trial court upon a consideration of all the particular circumstances of each individual case; the trial court's judgment will not be disturbed on appeal except for an abuse of discretion. (*Professional Engineers v. Department of Transportation* (1997) 15 Cal.4th 543, 562.)

In conducting our appellate review, we presume that a judgment or order of a lower court is correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown.'"]; see also *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  Thus, a party challenging a

4.

judgment or an appealable order "has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

"'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; see also *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Thus, where the appellant fails to provide an adequate record as to any issue the appellant has raised on appeal, the issue must be resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

Here, Piercy disputes the trial court's finding that his second petition was the "same case" as his first. In his appellate brief, he compares the conduct alleged in the two petitions, citing to the record on appeal from the denial of his first petition in our case number F069752. Piercy, however, has not filed a request for us to take judicial notice of the record in the prior appeal, as required by California Rules of Court, rule 8.252.[5] Therefore we have nothing with which to compare the allegations Piercy made in his second petition. While we recognize that those allegations are based on acts that purportedly occurred after the trial court denied Piercy's first petition, without the record of the prior proceedings we cannot determine whether the acts were in some way connected to those adjudicated in the first case or the basis on which the trial court reached its prior decision.

Moreover, even if we were to take judicial notice of the record in the prior appeal, it would not provide us with a sufficient basis to review Piercy's claim, as there was no reporter's transcript of the June 2014 injunction hearing. (See *Piercy v. Rodriguez*

---

[5] While Piercy did file a motion to consolidate the present appeal with that in F069752, which we denied, before he filed the opening brief in this case, he did not ask us to take judicial notice of the record in the prior appeal.

(Jun. 26, 2015, F069752) at p. 4.) Without knowing the evidence on which the trial court based its decision, we cannot determine whether Piercy's allegations in the second petition merely allege the same type of conduct that the trial court apparently found either did not occur or was insufficient to support an injunction. Accordingly, Piercy has not satisfied his burden of showing reversible error.

Piercy also contends that Rodriguez's posting of the pornographic images and website entry constitutes an abuse of the injunction Rodriguez obtained against him in Los Angeles County Superior Court, and asks us to authorize him to pursue a tort remedy against Rodriguez for civil monetary damages. He cites absolutely no legal authority to support his contention. (Cal. Rules of Court, rule 8.204(a)(1)(B) [An appellate brief must "support each point by argument and, if possible, by citation of authority"]; *In re Estate of Cairns* (2010) 188 Cal.App.4th 937, 949 [a party forfeits the right to appellate review of an argument where the party fails to cite applicable supporting authority].) In addition, this issue was not before the trial court on the second petition. (*People ex rel. Hill v. Muehe* (1931) 114 Cal.App. 739, 741 ["An appellate court will not decide matters which are not within the issues as presented below."].) Accordingly, the issue is not properly before us and we do not decide it.

## **DISPOSITION**

The order is affirmed. No costs on appeal are awarded.